UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CARMINE P. AMELIO and ALFONSO AMELIO,    :
                                          :
                              Plaintiffs, :
                                          :                    22 Civ. 975 (JPC)
              -v-                         :
                                          :                    ORDER
GALIA HOURI and EYAL RONEN,               :
                                          :
                              Defendants. :
                                          :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

    Plaintiffs Alfonso Amelio and Carmine Amelio, who allege that they reside "in both New
York, NY and New Milford, CT," filed this *pro se* action invoking the Court's diversity
jurisdiction.  Dkt. 1 ¶¶ 1, 4-5.  They sue Galia Houri and Eyal Ronen, who Plaintiffs allege are
residents of New York, *id.* ¶¶ 2-3, and seek unspecified relief, *id.* at 11.  Plaintiffs paid the filing
fees to bring this action.  For the reasons set forth below, the Court dismisses this action for lack
of subject matter jurisdiction, but grants Plaintiffs 30 days' leave to replead their claims in an
amended complaint.

## I.     Legal Standard

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the
filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*,
221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir.
1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous
appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526
U.S. 574, 583 (1999).  Moreover, the court "has the power to dismiss a complaint sua sponte for
failure to state a claim," *Leonhard v. United States,* 633 F.2d 599, 609 n.11 (2d Cir. 1980), so long

as the plaintiff is given notice and "an opportunity to be heard," *Thomas v. Scully,* 943 F.2d 259, 260 (2d Cir.1991) (per curiam); *see also Perez v. Ortiz,* 849 F.2d 793, 797 (2d Cir. 1988); Wright & Miller, *Federal Practice and Procedure* § 1357, at 301 & n.3. The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## II.    Background

Plaintiffs bring this action under the court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332, for "breach of contract, breach of fiduciary duty, property damages, impersonation, tampering with mail, unauthorized access to plaintiffs' internet account, harassment and negligence." Dkt. 1 ¶ 1.  Plaintiffs' claims arise from Defendants' rental of Plaintiffs' home located at 3228 Schley Avenue, Bronx, New York 10465.  *Id.* ¶ 18.  Plaintiffs allege that Defendants caused damage to Plaintiffs and their property, *see, e.g.*, *id.* ¶¶ 8, 10, 18, 38, 40, 42, and 44, but Plaintiffs fail to detail the total amount of the damages caused by Defendants.

## III.    Discussion

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, a federal district court's jurisdiction is available only when a "federal question" is presented or, when a plaintiff asserts claims under state law under the Court's diversity jurisdiction.  As relevant here, the Court has diversity jurisdiction over a matter when the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.  28 U.S.C. § 1332(a)(1).

"'[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'"  *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

To establish the Court's diversity jurisdiction, a plaintiff must first show that he and the

defendant are citizens of different states. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where he "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.*

There is a second component to diversity jurisdiction: the amount in controversy must be in excess of the sum or value of $75,000. *See* 28 U.S.C. § 1332(a). The sum claimed by a plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a complaint for failing to plead that the amount in controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *see Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses.").

Plaintiffs allege that they are citizens of both New York and Connecticut, and that Defendants are citizens of New York. In a prior action before this Court, however, Plaintiff Carmine P. Amelio provided only a New York address. *See In Re: Carmine P. Amelio*, No. 20 Civ. 3080 (S.D.N.Y. Nov. 30, 2020). Thus, the diversity of the parties is unclear. Additionally, Plaintiffs fail to allege sufficient facts to show that their claims satisfy the jurisdictional amount for a diversity action—an amount in excess of the sum or value of $75,000. Plaintiffs allege

$800.00 in plumber costs, $1,516.17 in unpaid rent, and an unspecified sum for property damage. Dkt. 1 ¶¶ 8, 10, 18. Thus, it appears that the Court lacks diversity jurisdiction to consider this action. In light of Plaintiffs' *pro se* status, however, the Court grants Plaintiffs leave to amend their complaint to allege facts showing that the Court has diversity jurisdiction to consider this action.

## IV.    Leave to Replead

Plaintiffs proceed in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although it appears that the Court lacks diversity jurisdiction to consider this action, in an abundance of caution, the Court grants Plaintiffs 30 days' leave to replead their claims. The amended complaint must contain a short and plain statement showing that Plaintiffs are entitled to relief. The Court strongly encourages Plaintiffs to bear in mind the legal principles explained above when preparing their amended complaint. Specifically, Plaintiffs should include all of the information in the amended complaint that Plaintiffs want the Court to consider in deciding whether the Court has diversity jurisdiction to consider their claims. Because Plaintiffs' amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiffs want to include from the original complaint must be repeated in the amended complaint.

## V.     Conclusion

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).  But the Court grants Plaintiffs 30 days' leave to file an amended complaint to allege facts showing that the Court has diversity jurisdiction to consider this action.[1]  If Plaintiffs fail to comply with this order within the time allowed, the Court will enter judgment dismissing this action for lack of subject matter jurisdiction. *See id.*

The Court instructs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiffs and note service on the docket.

SO ORDERED.

Dated: February 7, 2022
New York, New York

JOHN P. CRONAN
United States District Judge

---

[1] Plaintiffs may consider contacting the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court.  A copy of the flyer with details of the clinic is attached to this order.  The clinic is currently available **only** by telephone.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____

(Include case number if one has been
assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                            (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                     (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name                    Middle Initial          Last Name

_____
Street Address

_____
County, City                           State                 Zip Code

_____        _____
Telephone Number                       Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                         State                  Zip Code

Defendant 2:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                         State                  Zip Code

Defendant 3:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                         State                  Zip Code

Defendant 4:

_____

First Name                      Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



# <u>Notice For<br>Pro Se Litigants</u>

**As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.**

**Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.**

**If you need the assistance of the clinic, please call <u>212-659-6190</u> and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.**

**Please be patient because our responses to your messages may be delayed while we transition to phone appointments.**

