USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/23/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CARMINE P. AMELIO and ALFONSO　　　:
AMELIO,　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Plaintiffs,　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　- against -　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
GALIA HOURI, EYAL RONEN, *et al.,*　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Defendants.　　　:
-------------------------------------------------------------X

22-CV-975 (JPC) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses the current status of this case and Plaintiffs' request for relief at Dkt. 18, wherein they respond to the Court's Order to Show Cause why the Second (erroneously referred to as Third) Amended Complaint should not be dismissed for failure to prosecute; move to file a further amended complaint to add their brother as a Plaintiff; and for time to retain counsel. In the alternative, Plaintiffs ask the Court to stay proceedings due to filing of bankruptcy by the brother they seek to add as a party.

**Background**

Plaintiffs, proceeding pro se, filed their initial complaint in this action on February 3, 2022. (Dkt. 1.) The currently operative complaint alleges numerous claims, including breach of contract, property damage, conspiracy, mail tampering, and others, stemming primarily from the actions of Defendants Galia Houri ("Houri"), and her husband Eyal Ronen ("Ronen"), who booked a 30-day reservation through AirBnB in a property owned by Plaintiffs. On February 7, 2022, the case was dismissed for lack of subject matter jurisdiction, but with leave to file an amended complaint within 30 days. (Dkt. 3) Plaintiffs proceeded to file an Amended Complaint, and the case continued. (Dkt. 5).

On June 9, 2022, the Court ordered Plaintiffs to file a status letter addressing whether service had been made on the Defendants, and, if not, why not.  (Dkt. 6.)  Plaintiffs responded on June 21, 2022, representing that they had personally served both Defendants Houri and Ronen on February 3, 2022 prior to dismissal for lack of subject matter jurisdiction.  Plaintiffs also asserted they were seeking to retain counsel and asked for a 60-day extension of time to file a second (erroneously referred to as third) amended complaint.  (Dkt. 7.)

After Plaintiffs provided the Court with a brief description of their intended amendments (Dkt. 9), the Court, by memo endorsement order on July 11, 2022, granted Plaintiffs leave to file a second amended complaint by September 9, 2022.  The Court also "advised that they must serve each Defendant with the summons and the second amended complaint in accordance with Federal Rule of Civil Procedure 4."  (Dkt. 10)

On September 9, 2022, Plaintiffs requested a further extension of time.  (Dkt. 11.)  The Court granted an additional 30 days to file the second amended complaint.  (Dkt. 12.)  On October 17, 2022, Plaintiffs requested yet another extension, of 45 days, to file their second amended complaint.  As justification for the continued delay, Plaintiffs referred to their "chronic medical issues," "other calendared pending court matters," an "unforeseen emergency court matter," and "severe damages sustained by Hurricane Ian."  (Dkt. 13.)

The Court granted an extension to file the second amended complaint until November 18, 2022, but warned that no further extensions would be granted absent "extraordinary circumstances."  (Dkt. 14.)  Finally, on November 18, 2022, Plaintiffs filed their second amended complaint.  (Dkt. 15.)

Nothing has transpired on the docket since then, except that that the case has been referred to me for general pretrial purposes and dispositive motions.  (Dkt. 16.) Moreover, no proof of service of any pleading on any Defendant appeared in the record. Accordingly, on February 21, 2023, the Court issued an order observing that no proof of service of the summons and complaint had been filed and requiring Plaintiffs to show cause in a letter by March 6, 2023 why the case should not be dismissed for failure to prosecute.  (Dkt. 17.)

On March 6, 2023, Plaintiffs filed a response along with requests to amend the second amended complaint to add their brother as a Plaintiff, and for time to retain counsel.  (Dkt. 18.)  Plaintiffs explained that their brother owns interest in the property at issue but has filed for personal bankruptcy.  Accordingly, in the alternative, Plaintiffs ask the Court to stay proceedings due to the automatic stay resulting from that bankruptcy. Plaintiffs' application is GRANTED in part and DENIED in part.

## Discussion

The Court first addresses the issue of service.   Although Plaintiffs have represented several times that they personally served Defendants Houri and Ronen with the summons and initial complaint, they still have not filed proof of service on the record. Nor have they filed proof of service of the second amended complaint as ordered by the Court on July 11, 2022.  Plaintiffs assert that Houri and Ronen are "difficult to find" and are "avoiding service of process."  (Dkt. 18 at ECF 2.)  Plaintiffs say that they lack the knowledge to effect substituted service and then raise a variety of personal difficulties, including chronic medical conditions, deaths in the family from Covid, and a custody

battle.  (*Id.*)  Moreover, there is no indication that Plaintiffs have served any of the several additional defendants named in their pleading.

Without proof of service, there can be no further proceedings in this case other than dismissal for lack of prosecution.  That brings the Court to the issue of a further opportunity to retain counsel.  Over nine months ago, on June 21, 2022, Plaintiffs indicated that they were then looking to retain counsel.  They have had ample time to do so.  Before the Court takes further action, it will grant Plaintiffs a further opportunity to retain counsel.  **If no attorney files a notice of appearance by April 24, 2023, the case will continue with Plaintiffs proceeding pro se.**  Of course, Plaintiffs will be free to retain counsel any time thereafter.  **Additionally, if no proof of service of summons and complaint is filed by May 24, 2023, this Court will recommend dismissal of Plaintiffs' claims, without prejudice, against any Defendant for whom proof of service does not appear in the record.**

The Court reminds counsel that the Courthouse has a pro se office that can answer some procedural-administrative questions.  The pro se office telephone number is (212) 805-0175.  The Court also brings to Plaintiffs' attention a legal services clinic that may provide assistance to pro se litigants.  An informational flyer for the clinic is enclosed with this order.

Plaintiffs' request to file a third amended complaint to add their brother as a plaintiff is **GRANTED**.  **Plaintiffs shall file the third amended complaint no later than April 24, 2023**.

Lastly, the Notice of Bankruptcy of Plaintiffs' brother, Paul A. Amelio, filed at Dkt. 19, does not warrant a stay of these proceedings.  Even if Paul A. Amelio joins as Plaintiff

through the third amended complaint, the automatic stay of bankruptcy stays "certain collection and other actions *against* the debtor and the debtor's property." (Dkt. 19 Ex. A (emphasis added).)  Paul A. Amelio's participation in this action as a Plaintiff is not a collection or other action *against* him or his property.  Accordingly, Plaintiffs' request to stay the case is **DENIED**.

The Clerk of Court is respectfully requested to terminate the motion at Dkt. 18, send a copy of this order to Plaintiffs, and note service on the record.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: March 23, 2023
          New York, New York

Copies transmitted this date to all counsel of record.



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court in Manhattan and White Plains

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax. The clinic cannot assist individuals while they are incarcerated, except in connection with court ordered settlement efforts, but can provide assistance to litigants once they are released from custody.

To make an appointment for a consultation, call (212) 659-6190 or come by either clinic during office hours. Please note that a government-issued photo ID is required to enter either building.

**The clinic offers in-person appointments only. The clinic does not offer assistance over the phone or by email.**

**Thurgood Marshall United States Courthouse**
Room LL22
40 Centre Street
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. - 4 p.m.
Closed on federal and court holidays

**The Hon. Charles L. Brieant Jr. Federal Building and Courthouse**
300 Quarropas St
White Plains, NY 10601
(212) 659 6190

Open Wednesday
12 p.m. - 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

