**IN THE UNITED STATES DISTRICT COURT**
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARMINE P. AMELIO and ALFONSO AMELIO,<br><br>Plaintiff,<br><br>v.<br><br>GALIA HOURI, EYAL RONEN, UNKNOWN FEMALE TRESPASSER "NEVO", NICHOLAS BLASONE, THE LEGAL AID SOCIETY, MAX REINHARDT, RICHARD SEMEGRAM, LEIROZE MIZRAHI, INSTALOCK LOCKSMITH 304 INC, JONATHON CORRADO, BERNADETTE COREY, and Jorra<br><br>Defendants. | 22-CIV-975 (JPC)(RWL) |

**Motion For Leave To File Fourth Amended Complaint, To Add Additional Facts, Withdrawal Of Plaintiff Paul Amelio, Correction For Defendant Unknown Female Trespasser "Nevo," Add Additional Defendants, The City of New York and New York City Police Department, 45th Precinct, And Address Deficiencies In The Complaint, and Leave To File A Response (letter response, out of time) To Order To Show Cause And To The Legal Aid Society's Pre-motion Letter, In Lieu Of Case Management Conference And In The Spirit Of Judicial Economy.**

Plaintiffs, hereby move this court for leave to file a fourth amended complaint (FAC), to add additional facts, withdrawal of Plaintiff Paul Amelio, correction for Defendant Unknown Female Trespasser "Nevo," add additional party Defendants The City of New York and New York City Police Department 45th Precinct and address deficiencies in the complaint, and leave to file a response (letter response, out of time) to Order to Show Cause and to the Legal Aid

Society's pre-motion letter, in lieu of Case Management Conference and in the spirit of judicial economy.

I. BRIEF HISTORY

1. On 5/24/23, plaintiffs filed their motion for leave to file a third amended complaint, add a party plaintiff and defendant, and for leave for a 30 days extension of time for serving the newly amended complaint, and on 5/26/23, this Court grant the motion and stating "Plaintiff must file the TAC no later than June 16, 2023, and must file an affidavit of service on the defendants of the summons and TAC no later than June 30, 2023."
2. On 6/30/23, plaintiffs filed request for extension of time, copy/pasting the same words "to file an affidavit of service on the defendants" by July 21, 2023, which was granted by this Court on 7/6/23 and where the Order to Show Cause clearly states "failure to file affidavits of service prior to July 21, 2023."

II. SPECIFIC FACTS

3. The plaintiffs made an innocent mistake and unintentional error by misreading and misinterpreting "must file an affidavit of service on the defendants of the summons and TAC no later than" July 21, 2023 as "service on the defendants" which were all process served on July 21, 2023, with the exception of May Hess and Unknow Trespasser "Nevo", for the following reasons and timeline/history of plaintiffs' effectuate timely service of process:

PROSCESS SERVICE TIMELINE/HISTORY

- 6/16/23, TAC filed
- 6/21/23, Plaintiffs filed request for summons to be issued by mail

- 6/21/23, summons issued by mail

- 6/29/23, All summons were emailed to Lawson Process Service ("Lawson")who quoted a discounted rate serving all defendants and simultaneously at the same addresses.

- 6/30/23 to 7/10/23, Plaintiff Carmine Amelio departed for pre-planned Out-of-State with limited access to cellular and internet service, including:
    - o 7/12/2023 to 7/14/23 – Daughter's University of Pittsburgh College Tour and Conferences
    - o 7/15/23 – Daughter's Celebration and Graduation Dinner
    - o 7/14/23 to 7/18/23 – Emergent motion for pending New York Foreclosure Sale on 7/17/23
    - o 7/17/23 New York Property Inspection and correspondene
    - o 7/18/23 Auto damage and repair
    - o 7/18/23 Preparation and submission of documents to Syracuse University for daughter
    - o 7/18/23 to 7/21/23 City of Middletown Court hearing and related motion documents
    - o July 2023 – Unforeseen and highest monthly short term rental booking, maintenance and management

- 7/6/23, Order entering granting plaintiffs' request for extension of time to serve by July 21, 2023.

- 7/17/23, Plaintiffs followed up with Lawson who had not started any of the process service work and falsely claiming that they had never received my 6/29/23 email. In additional, the price that was previously was requoted by Lawson was more than double, which plaintiffs could not afford, and Lawson had no recollection of the previous price discussion and agreement. Plaintiffs subsequently used Weservelaw for process service some of the defendants and alternate means for other defendants due to excessive cost of process service all the defendants.

- 7/17/23, Plaintiffs filed the follow request "Plaintiffs discovered Defendant Bernadette Corey was duplicated and the Summons for Defendant UNKNOWN FEMALE TRESPASSER "NEVO" had not been issued or mailed and request Summons to be issued and mailed to the following address, as soon as possible, in order to comply with the July 21, 2023 service deadline." Pursuant to process servers pricing economy, plaintiffs planned to process serve defendant May Hess, who resides at the same address as "Nevo," at the same time.
-
- 7/20/23, Plaintiff Carmine Amelio called the Pro Se Help Desk to check the status and whether to personal pick up Summons for Defendant UNKNOWN FEMALE TRESPASSER "NEVO" but was inform that a summons without a full name cannot be issued and which Plaintiff had intended to obtain through Discovery. In addition, plaintiff discovered that this Court had issued summons for May Hess, incorrectly, as Mary Hess.

Thus plaintiffs were not able to timely effectuate process service on defendants "Nevo" and May Hess.

- 7/21/23, Process service was completed and effectuated on all of the defendants, with the exception of "Nevo" and May Hess, for the reasons stated.

In addition to the above, Plaintiffs have been overwhelmed and under duress and with limiting chronic medical issues and disabilities, filed UNDER SEAL on May 26, 2023, pursuant to ADA, which this Court complies with and, under his doctor's care and orders, must carefully monitor work, activities, responsibilities, including shared legal and physical custody of his children and other pending legal matters, in various States, and to properly address matters while managing his health and medical issues.

Plaintiffs apologize for not filing a letter response three (3) days prior to scheduled Case Management Conference pursuant to this Court's Order. Plaintiffs had marked their calendar for the conference but only discovered that they had missed the opportunity to file a letter respond while preparing for the same.

III. RESPONSE (FOR LEAVE, OUT OF TIME) TO LEGAL AID SOCIETY'S PRE-MOTION LETTER, IN LIEU OF CASE MANAGEMENT CONFERENCE AND IN THE SPIRIT OF JUDICIAL ECONOMY

4. COURT JURISDICATION – Pursuant to the original complaint and Second Amended complaint, this has subject matter jurisdiction and withdrawal by plainitff Paul Amelio, will address any diversity issue presented by defendants.
5. FAILURE TO STATE A CLAIM – Any deficiency will be addressed by the Fourth Amended Complaint.
6. ROOKER FELDMAN DOCTRINE – Any deficiency will be addressed by the Fourth Amended Complaint. Plaintiffs' complaint is not an attempt to relitigate the State Court

matter. Plaintiff's Fourth Amended Complaint will set for a "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to give the defendants "fair notice of what the … claim is and the grounds upon which it rests," (*Conley v. Gibson*, 355 U. S. 41, 47 (1957)), while establishing claims independent of the State Court Action complained of herein including, but not limited to, abuse of process, in order to overcome any attempted defense based upon *Rooker-Feldman*, *Res Judicata*, the *Colorado River* abstention doctrine and/or statute of limitations.

7. STATE LAW CLAIM – Any deficiency will be addressed by the Fourth Amended Complaint and Federal Law from which similar State Law is derived from.

III. LEGAL GROUNDS

Pursuant to Fed. Civ. R. 15(a)(2), "The court should freely give leave [to amend] when justice so requires." *See*, *e.g.*,*Coe v. Bell*, 161 F.3d 320, 341 (6thCir. 1988). The rule is part of a "liberal policy of permitting amendments to ensure the determination of claims on the merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6thCir.1987). The Court in Marks held:

> Under the Federal Rules, a party amending a pleading after a responsive pleading has been served "may amend his pleading only by leave of court ... and leave shall be freely given when justice so requires." *See* Fed.R.Civ.P. 15(a). A court's refusal to grant leave to amend is reviewable under the "abuse of discretion" standard. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330-332, 91 S.Ct. 795, 802-803, 28 L.Ed.2d 77 (1971); *Tefft v. Seward,* 689 **F.2d** 637 (**6th** Cir.1982). *Estes v. Kentucky Utilities Co.,* 636 **F.2d** 1131 (**6th**Cir.1980).[2] Though the decision to grant leave to amend is committed to the trial court's discretion, that discretion is limited by Fed.R.Civ.P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits. *See* *Espey v. Wainwright,* 734 **F.2d** 748 (11th Cir.1984).Id at 69

In considering whether to allow an amendment, the Court may consider any undue delay, lack of notice, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendments. *Coe*, 161 F. 3d at 341. If these factors are not present, leave to amend should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9. L. Ed. 2d 222 (1962).

IV. CONCLUSION

8. Plaintiff Carmine Amelio (”Carmine”), while overwhelmed and under duress, including eye injury and weekly medical treatment (Exhibit filed UNDER SEAL), Carmine, haplessly only read the conference schedule of this Court’s order and failed to read that the deadline for filing letter response.
9. Plaintiffs are pro se and not an attorney trained in law, which outside of his full time occupation, require extensive time to research and prepare pleadings and the administration and other court matters.
10. Plaintiffs are not making this request bad faith or for the purposes of delay and Defendants would be not prejudiced in this Honorable Court granting leave to amend and for such other relief as this court deems fair and just.
11. The failure of Plaintiffs to file affidavits of service by July 21, 2023 has not been intentionally dilatory, willful or disrespectful of this Court or the Court Rules of Civil Procedure.
12. Plaintiffs suffer from medical issues and disabilities, lack the education, experience and training that a competent attorney, who has passed a written exam authorizing the attorney to practice in this court would possess in prosecuting this case.
13. Leave of court in the Federal System has always been liberal in granting an ability to extend the time to file a FAC by pro se Plaintiffs, especially in these circumstances where they all suffer from serious and at times debilitating health and medical issues.
14. It is of course discretionary with this court, but in the interests of justice & equity, at times fairness requires giving the benefit of the doubt, seeking the truth and allowing Plaintiffs the opportunity to allege, prove and recover material damages alleged to be caused by Defendants’ malfeasance.
15. Despite their shortcomings, Plaintiffs have done their best to fully and timely comply with the orders of this court and actively prosecute this case.

16. Again, Plaintiffs humbly & with full respect, seek an extension for leave to acknowledge and allow Plaintiffs' and process service of the same.
17. The plaintiffs respectfully submit that there is good cause given the circumstances set forth above.

WHEREFORE, Plaintiffs respectfully request for this honorable Court to grant Plaintiffs leave to file FAC, to add additional facts, withdrawal of Plaintiff Paul Amelio, correction for Defendant Unknown Female Trespasser "Nevo," add additional party Defendants The City of New York and New York City Police Department 45th Precinct and address deficiencies in the complaint, and leave to file a response (letter response, out of time) to Order to Show Cause and to the Legal Aid Society's pre-motion letter, in lieu of Case Management Conference and in the spirit of judicial economy.

Dated: New Milford, CT
September 26, 2023

Respectfully submitted,

*/s/ Carmine P. Amelio*
Carmine P. Amelio, *Plaintiff Pro Se*

*/s/ Alfonso Amelio*
Alfonso Amelio

*/s/ Paul Amelio*
Paul Amelio

CC:
Galia Houri and Eyal Ronen
68 Lake Street #301
White Plains, NY 10603

CC: Robert W. Lehrburger, US Magistrate Judge

CC: Maxim M.L. Nowak, Esquire, via email: mnowak@herrick.com