**IN THE UNITED STATES DISTRICT COURT**
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARMINE P. AMELIO and ALFONSO AMELIO,<br><br>Plaintiff,<br><br>v.<br><br>GALIA HOURI, EYAL RONEN, UNKNOWN FEMALE TRESPASSER "NEVO", NICHOLAS BLASONE, THE LEGAL AID SOCIETY, MAX REINHARDT, RICHARD SEMEGRAM, LEIROZE MIZRAHI, INSTALOCK LOCKSMITH 304 INC, JONATHON CORRADO, BERNADETTE COREY, and Jorra<br><br>Defendants. | 22-CIV-975 (JPC)(RWL) |

**Motion For Leave To File Fourth Amended Complaint, To Add Plaintiffs' New York Residential Address And Claims to Address Defendants'** Max Reinhardt, Richard Semegram, and The Legal Aid Society **Motion to Dismiss Jurisdictional and claims issues, Add Additional Facts pertaining to all defendants, Add Additional Defendants, The City of New York and New York CityPolice Department, 45th Precinct, And Address All Other Deficiencies In The Complaint, and Leave**
**To File A Response (letter response, out of time) To Order To Show Cause And To The Legal Aid Society's Pre-motion Letter, In Lieu Of Case Management Conference And In The Spirit Of Judicial Economy.**

Plaintiffs, hereby move this court for leave to file a fourth amended complaint (FAC), to add Plaintiffs' New York residential address and claims to address defendants' Max Reinhardt, Richard Semegram, and The Legal Aid Society Motion to Dismiss jurisdictional and claims issues, add additional facts pertaining to all defendants, add additional defendants, The City of

New York and New York City Police Department, 45th Precinct, and address all other deficiencies in the Complaint.

I. BRIEF HISTORY

1. On 2/3/22, plaintiffs Carmine Amelio and Alfonso Amelio filed their original complaint against only two defendants, Galia Houri and Eyal Ronen. With the assistance of the pro se office at the Courthouse, the plaintiffs unknowingly were guided to mark the "Diversity" box on the "Civil Cover Sheet" when diversity was not necessary to file their complaint because plaintiffs have a residential address in New York.
2. On 9/26/23, plaintiffs filed their motion to file their Fourth Amended Complaint which was denied without prejudice by this Court.

II. SPECIFIC FACTS

3. The plaintiffs need more time to write their FAC and plaintiff Carmine Amelio had had medical issues that have compromised his ability to research and write, which will be filed separately under seal.

In addition to the above, Plaintiffs have been overwhelmed and under duress and with limiting chronic medical issues and disabilities, filed UNDER SEAL on May 26, 2023, pursuant to ADA, which this Court complies with and, under his doctor's care and orders, must carefully monitor work, activities, responsibilities, including shared legal and physical custody of his children and other pending legal matters, in various States, and to properly address matters while managing his health and medical issues.

III. RESPONSE (FOR LEAVE, OUT OF TIME) TO LEGAL AID SOCIETY'S PRE-MOTION LETTER, IN LIEU OF CASE MANAGEMENT CONFERENCE AND IN THE SPIRIT OF JUDICIAL ECONOMY

III. LEGAL GROUNDS

Pursuant to Fed. Civ. R. 15(a)(2), "The court should freely give leave [to amend] when justice so requires." See, e.g.,Coe v. Bell, 161 F.3d 320, 341 (6thCir. 1988). The rule is part of a "liberal policy of permitting amendments to ensure the determination of claims on the merits." Marks v. Shell Oil Co., 830 F.2d 68, 69 (6thCir.1987). The Court in Marks held:

Under the Federal Rules, a party amending a pleading after a responsive pleading has been served "may amend his pleading only by leave of court ... and leave shall be freely given when justice so requires." See Fed.R.Civ.P. 15(a). A court's refusal to grant leave to amend is reviewable under the "abuse of discretion" standard. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-332, 91 S.Ct. 795, 802-803, 28 L.Ed.2d 77 (1971); Tefft v. Seward, 689 F.2d 637 (6th Cir.1982). Estes v. Kentucky Utilities Co., 636 F.2d 1131 (6thCir.1980).[2] Though the decision to grant leave to amend is committed to the trial court's discretion, that discretion is limited by Fed.R.Civ.P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits. See Espey v. Wainwright, 734 F.2d 748 (11th Cir.1984).Id at 69

In considering whether to allow an amendment, the Court may consider any undue delay, lack of notice, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendments. Coe, 161 F. 3d at 341. If these factors are not present, leave to amend should be "freely given." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9. L. Ed. 2d 222 (1962).

## IV. CONCLUSION

4. Plaintiff Carmine Amelio (”Carmine”), while overwhelmed and under duress, including eye injury and weekly medical treatment (Exhibit filed UNDER SEAL), Carmine, haplessly only read the conference schedule of this Court’s order and failed to read that the deadline for filing letter response.
5. Plaintiffs are pro se and not an attorney trained in law, which outside of his full time occupation, require extensive time to research and prepare pleadings and the administration and other court matters.
6. Plaintiffs are not making this request bad faith or for the purposes of delay and Defendants would be not prejudiced in this Honorable Court granting leave to amend and for such other relief as this court deems fair and just.
7. The failure of Plaintiffs to file affidavits of service by July 21, 2023 has not been intentionally dilatory, willful or disrespectful of this Court or the Court Rules of Civil Procedure.
8. Plaintiffs suffer from medical issues and disabilities, lack the education, experience and training that a competent attorney, who has passed a written exam authorizing the attorney to practice in this court would possess in prosecuting this case.
9. Leave of court in the Federal System has always been liberal in granting an ability to extend the time to file a FAC by pro se Plaintiffs, especially in these circumstances where they all suffer from serious and at times debilitating health and medical issues.
10. It is of course discretionary with this court, but in the interests of justice & equity, at times fairness requires giving the benefit of the doubt, seeking the truth and allowing Plaintiffs the opportunity to allege, prove and recover material damages alleged to be caused by Defendants’ malfeasance.

11. Despite their shortcomings, Plaintiffs have done their best to fully and timely comply with the orders of this court and actively prosecute this case.
12. Again, Plaintiffs humbly & with full respect, seek a 30 day extension to file FAC.
13.

WHEREFORE, Plaintiffs respectfully request for this honorable Court to grant Plaintiffs leave and 30 day extension to file FAC.

Dated: New Milford, CT
December 11, 2023

Respectfully submitted,

*/s/ Carmine P. Amelio*
Carmine P. Amelio, *Plaintiff Pro Se*

*/s/ Alfonso Amelio*
Alfonso Amelio

*/s/ Paul Amelio*
Paul Amelio

CC:
Galia Houri and Eyal Ronen
68 Lake Street #301
White Plains, NY 10603

Nicolette Pellegrino
The City of New York
Law Department
100 Church Street
New York, NY 10007

Maxim Nowak
Herrick, Feinstein LLP
Two Park Avenue
New York, NY 10016