**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARMINE P. AMELIO and ALFONSO AMELIO<br>Plaintiff,<br><br>v.<br><br>GALIA HOURI, EYAL RONEN, UNKNOWN FEMALE TRESPASSER "NEVO", NICHOLAS BLASONE, MAY HESS, PATRICIA BLASONE, THE LEGAL AID SOCIETY, MAX REINHARDT, RICHARD SEMEGRAM, NAVEED M. SIDDIQI, SIDDIQI LAW GROUP, LEIROZE MIZRAHI, INSTALOCK LOCKSMITH 304 INC, JONATHON CORRADO, NADAV HOURI, BERNADETTE COREY, and JOEL POLANCO<br>Defendants. | 22 CIV. 975 (JPC)<br><br>*Civil Action* |

**Amended Motion For Leave To File Fourth Amended Complaint, To Add Plaintiffs' New York Residential Address And Claims, In Lieu of Opposition, To Address Defendants' Max Reinhardt, Richard Semegram, and The Legal Aid Society Motion to Dismiss Jurisdictional and claims issues, Add Additional Facts pertaining to all defendants, Add Additional Defendants, The City of New York and New York City Police Department, 45th Precinct, And Address All Other Deficiencies**

Due to plaintiff Carmine Amelio's recent visit to his doctor for medical treatment on 12/11/23, including his chronic medical issues, other court matters, work and responsibility for legal/physical custody of his children, plaintiffs hereby submit their Amended Motion. Plaintiffs were not able to properly prepare their motion for their FAC, including a draft of the same in motion filed 12/11/23.

Plaintiffs, hereby move this court for leave to file a fourth amended complaint (FAC), to add Plaintiffs' New York residential address and claims to address defendants' Max Reinhardt, Richard Semegram, and The Legal Aid Society (collectively "Legal Aid")Motion to Dismiss jurisdictional and claims issues, add additional facts pertaining to all defendants, add additional defendants, The City of New York and New York City Police Department, 45th Precinct, and address all other deficiencies in the Complaint.

I. BRIEF HISTORY

1. On 2/3/22, plaintiffs Carmine Amelio and Alfonso Amelio filed their original complaint against only two defendants, Galia Houri and Eyal Ronen. Galia and Eyal were renting plaintiffs home and plaintiffs personally served both parties on February 3, 2022. With the assistance of the pro se office at the Courthouse, the plaintiffs unknowingly were guided to mark the "Diversity" box on the "Civil Cover Sheet" when diversity was not necessary to file their complaint because plaintiffs have a residential address in New York. Regardless, the diversity issue was previously addressed by this Court (Honorable John P. Cronan) (Doc# 3, 4 and 5) with Amended Complaint filed on March 9, 2022, which counsel for the Legal Aid Parties knew or should have known, and filed frivolous opposition papers, in violation of Rule 11, by relitigating the same merits that were previously addressed in this matter.
2. On 6/23/22, the Court ORDERED that Plaintiffs shall file a letter by July 7, 2022, advising the Court as to what claim(s) they intend to assert against "the Bronx police and detective."(Doc# 8)
3. On 7/11/22, the Court granted Plaintiffs' request to file their second amended complaint.

4. On 3/23/2023, the Court (Magistrate Judge Robert W. Lehrburger ) granted plaintiffs' motion to file their third amended complaint. Plaintiffs filed affidavits of service of summons and complaint up on all parties, except May Hess and "Nevo;" the summons for May Hess was incorrectly issued as "Mary Hess" and process service could not be executed upon "Nevo" with the last name of the defendant.
5. On 8/4/23 the Legal Aid defendants filed notice of appearance, represented by counsel, Maxim Lebwitz-Nowak ("Maxim").
6. On 9/26/23, plaintiffs filed their motion to file their Fourth Amended Complaint (FAC), to add additional facts, withdrawal of Plaintiff Paul Amelio, correction for Defendant Unknown Female Trespasser "Nevo," add additional party Defendants The City of New York and New York City Police Department 45th Precinct and address deficiencies in the complaint, and leave to file a response (letter response, out of time) to Order to Show Cause and to the Legal Aid Society's pre-motion letter, in lieu of Case Management Conference and in the spirit of judicial economy.
7. As discussed during the case management and pre-motion conference held on September 27, 2023, where the Court stated; 1. The Court accepted Plaintiff's filing at Dkt. 49 as a response to the Court's order to show cause and Defendant Legal Aid Society's pre-motion conference letter. 2. Plaintiff's request at Dkt. 49 that the letter be "in lieu of case management conference" is denied as moot. 4. The Court finds that Plaintiff has sufficiently shown cause to avoid dismissal at this time as he has filed proof of service of the Third Amended Complaint by July 21, 2023 on at least two defendants; the instant order does not address whether the service sworn to is sufficient or valid. 5. The Legal Aid Society defendants may proceed with their motion to dismiss. The motion shall be

filed by October 18, 2023; Plaintiffs' opposition shall be filed by December 4, 2023; and Legal Aid's reply, if any, shall be filed December 26, 2023. 6. Plaintiff's motion to file a Fourth Amended complaint is denied without prejudice for the reasons stated during the conference. 7. The Court respectfully directs the Clerk of Court to issue a summons to May Hess.

8. Specifically, at case management and pre-motion conference held on September 27, 2023, the Court stated that plaintiffs' motion to filed a Fourth Amended complaint was denied as premature, pending Legal Aid's motion to dismiss. At the same hearing, Maxim advised plaintiff regarding Rule 11.
9. On 9/29/23, the Office or the Corporation Counsel of the City of New York ("NYC"), represented by counsel Nicolette Pellegrino, who is not a named defendant, but the subject of plaintiffs' motion for FAC.
10. Plaintiffs twice consented to continuance of Legal Aid's motion to dismiss to be filed on or before 11/1/23.
11. On 10/18/23, the Court entered a Notice of Case Reassignment to Judge Dale E. Ho.
12. Plaintiffs consented to NYC's request for continuance on 10/25/23, which was granted by the Court on 10/26/23.
13. On 11/1/23 Maxim filed motion to dismiss for lack of jurisdiction in behalf of Legal Aid.

II. SPECIFIC FACTS

14. The plaintiffs need more time to research and write their FAC to add Plaintiffs' New York residential address and claims to address defendants' Max Reinhardt, Richard Semegram, and The Legal Aid Society (collectively "Legal Aid") Motion to Dismiss jurisdictional and claims issues, add additional facts pertaining to all defendants, add

additional defendants, The City of New York and New York City Police Department, 45th Precinct, and address all other deficiencies in the Complaint.

15. In addition to his existing chronic medical issues, plaintiff Carmine Amelio went to the doctor December 11, 2023, for medical issues that damaged his ability to research, read, write and work on a computer, requiring medical care and medication, with documents in support filed separately UNDER SEAL on 12/13/23.

16. On 12/5/23 plaintiffs filed their motion for reconsideration pursuant to local rule 6.3 informing the Court that plaintiffs were prosecuting more than 20 active cases, pro se, and the Court (Judge Lehrburger) accordingly commented, by Order dated 12/7/23, stating "The Court has not, as Plaintiffs assert, ignored medical issues or any other relevant facts. As Plaintiffs indicate, they have more than 20 legal cases, and it is their responsibility to prioritize matters and comply with their obligations" which appears to ignore well settle case law, as it pertains to pro se litigants, See *Haines v. Kerner*, 404 U.S. 519, 520 (1972)… Because defendant is proceeding pro se, the court will construe his pleading liberally. Similar to the inconsiderate comments regarding plaintiffs and "their responsibility to prioritize matters and comply with their obligations" by Judge Lehrburger, as stated in the 12/7/23 Order, The Clerk/Judge in one (1) of the other twenty (20) plus court matters emailed plaintiff Carmine Amelio the following on 12/13/23:

Good afternoon,

Please be advised that you are directed to appear tomorrow in the City of Middletown Court at 2 pm for a conference on this matter. A warrant will be issued if you do not appear.

This begs the question, how does this Court expect a pro se litigant to "prioritize matters and comply with their obligations" and, at the same time, address the other eighteen (18) plus court matters while tending to his medical issues, legal and physical custody of his

children and, at the end of the day, his work other responsibilities to survive and his right to life, liberty and freedom, when the judges is in both these matters ignore *Haines v. Kerner* and are inconsiderate and disrespectful to a pro se litigant and his due due process right to properly address and defend his legal matters? In what appears as bias and prejudice, Judge Lehrburger continued by incorrectly stating "At bottom, this case has languished due to Plaintiffs' failure to effect service at the outset and Plaintiffs' repeated addition of defendants without regard to the merits," when on 2/3/22, plaintiffs Carmine Amelio and Alfonso Amelio filed their original complaint against only two defendants, Galia Houri and Eyal Ronen. Galia and Eyal were renting plaintiffs home and plaintiffs personally served both parties on February 3, 2022. On 6/16/23 Plaintiffs filed their TAC, which included fifteen (15) additional defendants.

17. The above is compounded by opposing attorneys and Maxim's motion is an attempt to do the same by filing a frivolous motion to dismiss that is mostly based on lack of jurisdiction to his unlawful attempt to relitigated merits that was previously addressed in the same case by the Court (Judge Cronan), in violation of Rule 11 and to deny plaintiffs their due process rights to amend their complaint. It appears that it is Maxim who is "the pot calling the kettle black" by filing a frivolous motion, and attempting to smear and disparage a pro se litigant by threatening plaintiffs with Rule 11, early in this matter, when plaintiffs have the inalienable right to amend their complaint when they fully intend to bring their claims, which are meritorious and wanted, in the interest of justice.

18. In addition to the above, Plaintiffs have been overwhelmed and under duress and with limiting chronic medical issues and disabilities, filed UNDER SEAL on May 26, 2023, pursuant to ADA, which this Court complies with and, under his doctor's care and orders,

must carefully monitor work, activities, responsibilities, including shared legal and physical custody of his children and other pending legal matters, in various States, and to properly address matters while managing his health and medical issues.

III. LEGAL GROUNDS

Pursuant to Fed. Civ. R. 15(a)(2), "The court should freely give leave [to amend] when justice so requires." See, e.g.,Coe v. Bell, 161 F.3d 320, 341 (6thCir. 1988). The rule is part of a "liberal policy of permitting amendments to ensure the determination of claims on the merits." Marks v. Shell Oil Co., 830 F.2d 68, 69 (6thCir.1987). The Court in Marks held:

Under the Federal Rules, a party amending a pleading after a responsive pleading has been served "may amend his pleading only by leave of court ... and leave shall be freely given when justice so requires." See Fed.R.Civ.P. 15(a). A court's refusal to grant leave to amend is reviewable under the "abuse of discretion" standard. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-332, 91 S.Ct. 795, 802-803, 28 L.Ed.2d 77 (1971); Tefft v. Seward, 689 F.2d 637 (6th Cir.1982). Estes v. Kentucky Utilities Co., 636 F.2d 1131 (6thCir.1980).2 Though the decision to grant leave to amend is committed to the trial court's discretion, that discretion is limited by Fed.R.Civ.P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits. See Espey v. Wainwright, 734 F.2d 748 (11th Cir.1984).Id at 69.

In considering whether to allow an amendment, the Court may consider any undue delay, lack of notice, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendments. Coe, 161 F. 3d at 341. If these factors are not present, leave to amend should be "freely given." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9. L. Ed. 2d 222 (1962).

Federal Rule of Civil Procedure 11 is designed to streamline the litigation process in the federal court system by imposing sanctions on those who submit frivolous pleadings, motions, or other papers. The Rule authorizes sanctions for three types of frivolous claims: (1) claims that have an insufficient legal basis; (2) claims that are brought for an improper purpose; and (3) claims that have an insufficient factual basis.

The diversity issues were previously addressed by this Court (Honorable John P. Cronan) (Doc# 3, 4 and 5) with Amended Complaint filed on March 9, 2022, which counsel for the Legal Aid Parties knew or should have known, and unlawfully filed frivolous opposition papers, in violation of Rule 11, by relitigating the same merits that were previously addressed in this matter.

Maxim is either attempting to be "intentionally ignorant" or hoping that plaintiffs are ignorant when the Legal Aid arguments are not worth the paper that they have been written upon and certainly and clearly frivolous, pursuant to Rule 11. The docket entries and the history of the case are clear and any experienced and educated attorney should know better than to engage in frivolous litigation, much less, accuse their adversary of such.

IV. CONCLUSION

Plaintiff Carmine Amelio ("Carmine"), have been overwhelmed and under duress, including recent medical issues and treatment on December 11, 2023 and plaintiffs need more time to research and write their FAC to address deficiencies in their Complaint.

Plaintiffs are pro se and not an attorney trained in law, which outside of his full time occupation, require extensive time to research and prepare pleadings and the administration and other court matters.

Plaintiffs are not making this request bad faith or for the purposes of delay and Defendants would be not prejudiced in this Honorable Court granting leave to amend.

Plaintiffs suffer from medical issues and disabilities, lack the education, experience and training that a competent attorney, who has passed a written exam authorizing the attorney to practice in this court would possess in prosecuting this case.

Leave of court in the Federal System has always been liberal in granting an ability to extend the time to file a FAC by pro se Plaintiffs, especially in these circumstances where they all suffer from serious and at times debilitating health and medical issues.

It is of course discretionary with this court, but in the interests of justice & equity, at times fairness requires giving the benefit of the doubt, seeking the truth and allowing Plaintiffs the opportunity to allege, prove and recover material damages alleged to be caused by Defendants' malfeasance.

Despite their shortcomings, Plaintiffs have done their best to fully and timely comply with the orders of this court and actively prosecute this case.

Maxim did not consent to motion for leave to amend FAC and NYC requested a draft of the FAC before providing their consent.

WHEREFORE, Plaintiffs respectfully request for this honorable Court to grant Plaintiffs leave to file their FAC.

Dated: New Milford, CT
December 14, 2023

Respectfully submitted,

*/s/ Carmine P. Amelio*
Carmine P. Amelio, *Plaintiff Pro Se*

*/s/ Alfonso Amelio*
Alfonso Amelio

*/s/ Paul Amelio*
Paul Amelio

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARMINE P. AMELIO and ALFONSO AMELIO<br>Plaintiff,<br><br>v.<br><br>GALIA HOURI, EYAL RONEN, UNKNOWN FEMALE TRESPASSER “NEVO”, NICHOLAS BLASONE, MAY HESS, PATRICIA BLASONE, THE LEGAL AID SOCIETY, MAX REINHARDT, RICHARD SEMEGRAM, NAVEED M. SIDDIQI, SIDDIQI LAW GROUP, LEIROZE MIZRAHI, INSTALOCK LOCKSMITH 304 INC, JONATHON CORRADO, NADAV HOURI, BERNADETTE COREY, and JOEL POLANCO<br>Defendants. | 22 CIV. 975 (JPC)<br><br>*Civil Action* |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2023 a true and correct copy of, Amended Motion For Leave To File Fourth Amended Complaint, To Add Plaintiffs’ New York Residential Address And Claims, In Lieu of Opposition, To Address Defendants’ Max Reinhardt, Richard Semegram, and The Legal Aid Society Motion to Dismiss Jurisdictional and claims issues, Add Additional Facts pertaining to all defendants, Add Additional Defendants, The City of New York and New York City Police Department, 45th Precinct, And Address All Other Deficiencies), by electronics and/or United States first-class mail, postage prepaid, to the parties listed below.

Dated: December 14, 2023
New Milford, CT

Respectfully Submitted,
*/s/ Carmine Amelio*
Carmine Amelio, *Plaintiff Pro Se*
32 Main Street
New Milford, CT 06776

<u>Via Electronic and/or USmail</u>
Galia Houri and Eyal Ronen
68 Lake Street #301
White Plains, NY 10603

Nicolette Pellegrino
The City of New York
Law Department
100 Church Street
New York, NY 10007

Maxim Nowak
Herrick, Feinstein LLP
Two Park Avenue
New York, NY 10016