**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARMINE P. AMELIO, ALFONSO AMELIO, and PAUL AMELIO<br><br>Plaintiff,<br><br>v.<br><br>GALIA HOURI, EYAL RONEN, UNKNOWN FEMALE TRESPASSER "NEVO", NICHOLAS BLASONE, MAY HESS, PATRICIA BLASONE, THE LEGAL AID SOCIETY, MAX REINHARDT, RICHARD SEMEGRAM, NAVEED M. SIDDIQI, SIDDIQI LAW GROUP, LEIROZE MIZRAHI, INSTALOCK LOCKSMITH 304 INC, JONATHON CORRADO, NADAV HOURI, BERNADETTE COREY, and JOEL POLANCO<br><br>Defendants. | 22 CIV. 975 (JPC)<br><br>*Civil Action*<br><br>**JURY TRIAL DEMANDED** |

## FOURTH AMENDED COMPLAINT

**NOW COMES** Plaintiffs, CARMINE P. AMELIO (C. Amelio), ALFONSO AMELIO (A. Amelio) and PAUL AMELIO (P. AMELIO), individually (collectively "Amelios") hereby submits this Complaint against the above named Defendants, and in support thereof, states as follows:

## BASIS FOR JURISDICATION

1. Plaintiff alleges that defendants deprived him of certain civil rights secured under the First, Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983, 1985, 1986. The complaint also alleges pendent state torts (breach of contract claims, negligence, willful

damage to property, trespass, nuisance, fraud, harassment, IIED, NIED, Tortious interference, Conspiracy, Retaliation, legal malpractice) against the defendants. Jurisdiction is based on both federal question jurisdiction 28 U.S.C. § 1331, and civil rights jurisdiction, 28 U.S.C. § 1343.”Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, "the All Writs Act [ 28 U.S.C. § 1651] authorizes a federal court to protect that jurisdiction". United States v. International Bhd. of Teamsters, 907 F.2d 277, 281 (2d Cir. 1990).

**PARTIES**
(Plaintiffs)

2. That Alfonso Amelio (A. Amelio) resides in 32 Main Street, New Milford, CT 06776, which is his primary domicile and owns the subject property located at 3228 Schley Avenue, Bronx, NY, 10465 (hereafter the “Property”) where he occasionally stays.
3. That Carmine Amelio (Carmine)(C. Amelio)(Landlord) resides in 32 Main Street, New Milford, CT 06776, where his two (2) children live and go to school and with whom he has shared physical and legal custody on an alternating weekly basis and has ownership interest the owns the subject property, where he occasionally stays.
4. That Paul Amelio (P. Amelio) resides in 32 Main Street, New Milford, CT 06776 and 401 East 34th Street, Suite N11B, New York, NY 10016 and has ownership interest in the subject property, where he occasionally stays.

**PARTIES**
(Defendants)

5. That Galia Houri (Galia)(guest) is and was at all times material hereto a resident of New York at 68 Lake Street #301, White Plains, NY 10603, 1698 Lexington Avenue, NY

10029 and 3228 Schley Avenue, Bronx, NY 10465 and Florida at 941 NW 256 CT, Wilton Manors, FL 33311.

6. That Eyal Ronen (Eyal) is and was at all times material hereto a resident of New York at 68 Lake Street #301, White Plains, NY 10603, 1698 Lexington Avenue, NY 10029 and 3228 Schley Avenue, Bronx, NY 10465 and Florida at 941 NW 256 CT, Wilton Manors, FL 33311.
7. That Nadav Houri (Nadav) is and was at all times material hereto a resident of Florida at 9548 Eden Roc Ct, Delray Beach, FL 33446.
8. Upon information and belief, Unknown Female Trespasser "Nevo" is and was at all times material hereto a resident of New York at 1698 Lexington Avenue, NY 10029.
9. May Hess, 1698 Lexington Avenue, NY 10029 is and was at all times material hereto a resident of New York at 1698 Lexington Avenue, NY 10029.
10. Nicholas Blasone (Mr. Blasone) is and was at all times material hereto a resident of New York. 3230 Schley Avenue, Bronx NY 10465.
11. Patricia Blasone (Ms. Blasone) is and was at all times material hereto a resident of New York. 3230 Schley Avenue, Bronx NY 10465
12. Max Reinhardt (Mr. Reinhardt) is and was at all times material hereto a resident of New York whose place of business is the Legal Aid Society is a New York domestic non-for-profit corporation located in New York at 260 East 161st Street, 8th Floor, Bronx, NY 10451
13. Richard Semegram (Mr. Semegram) is and was at all times material hereto a resident of New York whose place of business is the Legal Aid Society is a New York domestic non-for-profit corporation located in New York at 260 East 161st Street, 8th Floor, Bronx, NY 10451.

14. The Legal Aid Society is a New York domestic non-for-profit corporation located in New York at 260 East 161st Street, 8th Floor, Bronx, NY 10451.

15. Leiroze Mizrahi is and was at all times material hereto a resident of New York whose place of business is lock Locksmith 304 Inc is a Domestic business corporation located in New York at 304 Willis Avenue, Bronx, NY 10454.

16. Instalock Locksmith 304 Inc is a Domestic business corporation located in New York at 304 Willis Avenue, Bronx, NY 10454.

17. Naveed M. Siddiqi is and was at all times material hereto a resident of New York whose place of business is Siddiqi Law Group P.C., is a New York domestic corporation located at 71-58 Austin, Street Suite 204, Forest Hills, NY 11375.

18. Siddiqi Law Group P.C., is a New York domestic corporation located at 71-58 Austin, Street Suite 204, Forest Hills, NY 11375

19. Jonathon Corrado is and was at all times material hereto a Detective for New York City Police Department, Detective Bureau Bronx, 45 Precinct Detective Squad, 2877 Barkley Avenue, Bronx, NY 10465.

20. Bernadette Corey, is and was at all times material a police officer, New York City Police Department, 45 Precinct Detective Squad, 2877 Barkley Avenue, Bronx, NY 10465.

21. Joel Polanco, is and was at all times material a Sargent, New York City Police Department, 45 Precinct Detective Squad, 2877 Barkley Avenue, Bronx, NY 10465.

## **NATURE OF THE CASE**

22. That this action is being brought against the above named defendants for breach of contract, breach of fiduciary duty, property damage, tampering with mail, impersonation,

unauthorized access to plaintiffs' internet account, harassment, emotional distress, conspiracy and negligence occurred in Bronx County, NY.

## **FACTS**
## **GENERAL ALLEGATIONS AS TO ALL COUNTS**

23. On or about July 28, 2020 Galia Houri (Galia)(guest) booked a reservation for the 2nd and 3rd floors of plaintiff's home located at 3228 Schley Avenue, Bronx, NY 10465 (hereafter the "Property") for 30 days from check in on July 31, 2020 through check out on August 30, 2020, for the amount of $3,250.00 (See Exhibit A) and extended every 30 days thereafter, at all times under plaintiff's AirBnB terms and conditions, through August 28, 2021.
24. Carmine Amelio, as Host/Landlord allowed Gaila's husband, Eyal Ronen (Eyal), with his authorization and permission to stay at my home with Galia.
25. On or about 6/9/21 Galia and Eyal intentionally and/or negligently clogged plaintiffs' sewer line with plastic gloves, non disposable wipes and paper towels.
26. The plumber cost to fix the clogged plumbing due to Defendant's malfeasance, was $800.00 which Galia and Eyal refused to pay, plus clean up of sewage that overflowed and spilled into the entire first level, which cost an additional $1,500.00 for clean up and sanitizing.
27. On or about August 28, 2021 Galia and Eyal failed to check out, pursuant to extended short term agreement made on July 29, 2021 for check in on July 30, 2021 through check out on August 28, 2021.
28. On or about August 31, 2021, Eyal texted Carmine and advised that they were looking for a new place and only needed a two week booking extension.

29. On or about September 1, 2021, C. Amelio texted Galia their requested extension agreement for check in August 28, 2021 through check out September 10, 2021 for a total payment in the amount of $1,516.17 but they failed to make payment and refused to vacate the property.

30. Galia and Eyal continued to live at plaintiffs' home without making any payments, as required pursuant to continued 30 day extension agreements, and finally vacated the premises on February 22, 2022.

31. Galia and Eyal failed to make payment for the following 30 day extensions periods and total payments owed to plaintiffs in the amount of $19,500.00: Such amount due is calculated as follows:

> August 28, 2022 check in through September 27, 2022 check out - $3,250.00
>
> September 27, 2022 check in through October 27, 2022 check out- $3,250.00
>
> October 27, 2022 check in through November 26, 2022 check out - $3,250.00
>
> November 26, 2022 check in through December 26, 2022 check out - $3,250.00
>
> December 26, 2022 check in through January 25, 2022 check out - $3,250.00
>
> January 25, 2022 check in through February 23, 2022 check out- $3,250.00

32. Galia and Eyal filed four (4) lawsuits against plaintiffs in Bronx Landlord-Tenant court falsely claiming "Illegal lockout" and tenant status and thus are responsible for holdover damages in the amount of $39,000.00.

33. On or about September 2, 2021, C. Amelio called Optimum Cable to change the passcode to his internet account for security and terminated the guest internet access due to their failure to pay the extend short term agreement.

34. On or about September 3, 2021, C. Amelio received a text from Eyal demanding restoration of the internet service.

35. On or about September 10, 2021, C. Amelio observed and spoke to an unknown person who came to the door at his home who claimed to be an Optimum Cable Company employee. He stated that he was instructed to move plaintiffs' service from their private secured first floor to the second floor where my Galia and Eyal were staying.

36. C. Amelio had not made any requests to move his service and he advised the purported Optimum Cable Company employee that Plaintiffs did not provide Optimum permission for moving Plaintiffs' internet to the second floor and that he was not authorized to do work and C. Amelio instructed him to leave the premises.

37. On or about September 10, 2021, C. Amelio called optimum and was informed that they had received a call from the account holder with a request to move his modem from his private secured 1st floor to the 2nd floor where my guests were staying.

38. Neither C. Amelio nor his brother A. Amelio had called Optimum on 9/7/21 at 3:27 pm and C. Amelio alleges that Eyal, Galia or someone on their behalf, instructed by them and called optimum impersonating C. Amelio or A. Amelio, (believed to be a crime) and unlawfully gained unauthorized access to Plaintiffs' Optimum Cable account, (which is also believed to be a crime). Optimum records all conversations and they keep records and recording of the caller, conversation and the caller phone identification.

39. On or about 9/14/21, C. Amelio observed the Galia and Eyal leaving his home with large travel suitcases.

40. On or about 9/15/21, C. Amelio observed suspicious activity at the Property and an alleged trespasser had removed Plaintiffs' “no trespassing signs” and blocked the cameras at the Property’s private rear entrance, which viewed the outdoor rear of the Property, with chairs and boxes.

41. On or about 9/15/21, C. Amelio also noticed water in the Property’s private lower level which appeared to be coming from the 2nd floor where the guests had been staying after departing on 9/14/21.

42. On or about 9/16/21 C. Amelio went to the 45th Police Precinct to file a complaint against Defendants; guests for alleged impersonation and unauthorized access to his Optimum internet account and the breach of my rear security cameras by an unknown person at the property.

43. The police refused to take Plaintiff’s complaint but instead made a harassment report under Police Complaint# 2021455052. C. Amelio also advised the police that he would be securing the Property and posting new “No Trespassing” signs.

44. On or about 9/16/21 C. Amelio texted both Galia and Eyal and advised them that he filed a police complaint for their misconduct and alleged criminal activity at the Property and that they were no longer permitted at the Property located at 3228 Schley Avenue, Bronx, New York, 10465 and that Plaintiff would press charges for trespassing.

45. C. Amelio asked Galia and Eyal to provide an address for their belongings that were removed from the Property.

46. C. Amelio also advised them not to tamper with his mail and mailbox, which was never permitted or authorized.

47. C. Amelio did not get any response to his text messages from either Galia or Eyal. In addition to the intentional acts and/or negligence in clogging Plaintiffs' sewer line or the water leak.

48. Shortly thereafter, C. Amelio inspected the Property and discovered the following damages to the Property:

- Unauthorized alteration to my walls - $2,350.00
- Damage to my cabinets - $542.00
- Damages to my kitchen and flooring - $3,875.00
- Cosmetic machine and manufacturing
- Security violations and internet -
- Three damaged mattresses and removed of protective liners - $2,100.00
- Damage wifi/passcode door locks - $928.00
- Damaged screen door - $313.00
- Damages to my dining room indoor chairs, which were left outside to rust and cause water damage to the cushions - $78.00
- Unpaid rent plus holdover - $38,000.00
- Clogged sewer line; plumbing cost and clean up - $2,300.00

49. On or about 9/16/21 at approximately 11:26 pm, C. Amelio observed an unknown female trespasser "Nevo" attempting to enter the Property's lower entry door.

50. C. Amelio had not previously seen unknown female trespasser "Nevo" at the Property or captured the unknown female trespasser on any of the Property's outdoor surveillance cameras and Eyal and Galia were the only guests authorized and permitted to be at the Property, pursuant to Plaintiffs' AirBnB terms and conditions.

51. On or about 9/17/21, C. Amelio observed an alleged locksmith Leiroze Mizrahi owner operator with business name Instalock locksmith arrive at the Property and he, along with the unknown female trespasser "Nevo", broke into and entered the Property by drilling and destroying Plaintiffs' locks without any authority or permission and Mr. Mizrahi aiding and abetting by acting upon the direction of unknown female trespasser "Nevo".

52. On or about 9/17/21 C. Amelio called 911 and the police arrived at the Property while Mr. Mizrahi and unknown female trespasser “Nevo” were still at the Property.
53. On or about 9/17/21, C. Amelio observed Plaintiffs’ neighbor Nicholas Blasone who, based onPlaintiff’s conversation with Officer Hasan, provided false testimony regarding unknown female trespasser “Nevo”.
54. On or about 9/17/21 Officer Hasan called C. Amelio and based on misrepresentations and false statements by Nicholas Blasone and unknown female trespasser “Nevo”, allowed unknown female trespasser “Nevo” to stay in the Property after breaking and entering, without any evidence or documentation and despite his statement while he appeared to weigh heavily on Nicholas Blasone’s false statement regarding unknown female trespasser “Nevo”.
55. On or about 9/30/21 C. Amelio emailed an Audio preservation letter to Optimum Cable pursuant to Police Complaint# 2021455052, Optimum Escalation Control# 9464405.
56. On or about 10/1/21 C. Amelio observed unknown female trespasser “Nevo” who had illegally parked her Ford Prius, New York Plate Number KHA-9319 in the Property driveway, despite Plaintiffs’ posted signs: “No Parking – Unauthorized vehicles will be Towed Away at vehicle owner’s expense” and the rear of her vehicle was also parked on the sidewalk.
57. C. Amelio subsequently called 911 and the Police ticketed her vehicle and C. Amelio also called a towing service and they towed her vehicle away from the Property driveway.
58. On or about 10/7/21, C. Amelio called the 45th Precinct to complain that unknown female trespasser “Nevo” was trespassing and illegally occupying the Property and that Plaintiffs had not heard from nor seen Galia or Eyal since 9/14/21.

59. C. Amelio was transferred to Detective Anthony Corrado who he spoke to for nearly 45 minutes and stated that C. Amelio was within his rights and he instructed C. Amelio to secure the Property.

60. C. Amelio explained to Detective Corrado that he was concerned for his safety for entering the Property while unknown female trespasser "Nevo" was present and Detective Corrado stated that he would arrange for the assistance of Sergeant Major to escort him and help him with securing his home and reposting "No Trespassing" signs, pursuant to Detective Corrado's instructions.

61. C. Amelio met Sergeant Major on 10/8/21 who arranged for Police escorts Officer Perez and Office Sugrim to assist him in securing the Property.

62. On 10/8/21, at approximately 11:20 AM, C. Amelio met Officer Perez and Office Sugrim to secure his home and post "No Trespassing" signs. The unknown female trespasser "Nevo" was not present at his home during that time.

63. On or about 10/8/21, at approximately 8:38 PM, C. Amelio observed unknown female trespasser "Nevo" attempting to enter the Property and called 911 when it appeared that she was not leaving the premises.

64. C. Amelio also observed unknown female trespasser "Nevo" entering Plaintiffs' neighbor's Nicholas Blasone's home several times.

65. The Police from the 45th Precinct arrived at the premises at approximately 1:00 AM on October 9, 2021.

66. C. Amelio observed unknown female trespasser "Nevo" and Nicholas Blasone talking to the Officers. Officer Hasan called C. Amelio several times and he subsequently informed unknown female trespasser "Nevo" that she was not permitted or allowed to enter the

Property and he asked C. Amelio if he could meet unknown female trespasser “Nevo” so she could retrieve her belongings.

67. C. Amelio agreed to meet unknown female trespasser “Nevo” the same day after 10:00 AM so she could retrieve her belongings.

68. On or about 10/9/21 at approximately 11:22 AM, C. Amelio met unknown female trespasser “Nevo” so she could retrieve her belongings but she refused to do so and instead proceeded to verbally harass him.

69. C. Amelio advised and stated that if she refused to retrieve her belongings that he would be leaving the premises; which he did.

70. On or about 10/9/21, C. Amelio sent Detective Corrado an email providing video evidence and related documentation of the above.

71. On 10/11/21 at approximately 11:22 AM, C. Amelio observed Galia and Eyal at the Property for the first time since 9/14/21 but Plaintiff had not seen or heard from them since 9/14/21.

72. On or about 10/12/21 C. Amelio received a call from Detective Corrado with conflicting statements regarding his testimony and he instructed Plaintiff to let Galia and Eyal back into the Property.

73. C. Amelio believes that Galia and Eyal made false statements to Detective Corrado and it appears that he acted upon the same.

74. In addition, Detective Corrado refused to explain the disappearance of Galia and Eyal for nearly thirty (30) days without any correspondence and any explanation regarding unknown female trespasser “Nevo”. Galia and Eyal had requested a two week booking extension from check in 8/28/21 to check out on 9/11/21, which was not paid, and subsequently moved out on 9/14/21.

75. On or about 9/17/21 C. Amelio observed locksmith Leiroze Mizrahi aiding and abetting trespasser unknown female trespasser “Nevo” breaking and entering the Property without Plaintiffs’ authority or permission.

76. Galia and Eyal relinquished possession of the Property to Plaintiffs on or about 9/14/21 and unknown female trespasser “Nevo” was not a tenant authorized or permitted to reside in the Property.

77. Based on Galia and Eyal’s alleged false statements to Police and Detective Corrado, C. Amelio was forced and coerced under duress by the police to provide keys and allow Galia and Eyal access and entry into the Property, along with unknown female trespasser “Nevo”, who was not authorized or permitted in the Property and C. Amelio was forced to remove his new guest in possession that was occupying and staying at the Property.

78. On or about 10/14/21 plaintiff Carmine Amelio was unlawfully arrested by Officer Bernadette Corey for illegal eviction.

79. On or about 11/10/21, plaintiff Carmine Amelio filed police complaints against Galia Houri, Eyal Ronen, Detective Corrado and Officer Corey which were investigated by Sargent Joel Polanco, which he dismissed and used as a cover up for complaints against Detective Corrado and Officer Corey.

80. On or about March 18, 2020, C. Amelio, filed a complaint with the United States Postal Service for mail tampering and unauthorized access to Plaintiffs’ secure mailbox through the mail carrier, caused by Galia and Eyal, Case Confirmation For Service Request # 36677825.

81. On or about March 18, 2020, C. Amelio, filed a complaint with the United States Postal Inspector against Galia and Eyal for mail fraud, mail tampering and unauthorized access to plaintiffs' secure mailbox.

82. Subsequently Galia filed three (3) petitions in Landlord-Tenant court with false statements and allegations, including false reporting of income in order to obtain free legal service from The Legal Aid Society, represented by attorney Max Reinhardt and Richard Semegram, which petitions were filed in retaliation and meant to harass Plaintiffs. Upon careful and complete review of the pleadings, certifications and proofs submitted to the court by petitioner and counsel, along with the records maintained by the New York Civil Clerk's Office, there exist clear and unequivocal evidence of frivolous litigation and fraud upon the Court by the petitioner and her counsel, as officers of the court to deceive the Civil Court of New York by deception, disparage, smear, extortion and fraud upon the Court, and denial of respondent's due process rights, because of several (and undisputable) reasons , as stated above, including, but not limited to the following:

1. Petitioner and counsel unlawfully commenced the above referenced action by Petition against Carmine Amelio in violation of bankrutpcy law, pursuant to 11 U.S.C. § 362(a)(1).

2. Petitioner and counsel unlawfully commenced this action in retaliation, harassment, with false claims and fraud upon the Court.

3. Petitioner and counsel unlawfully commenced the above referenced actions pursuant to the deliberate, intentional and repeated breach of short term rental agreement and frivolous filing pursuant respondent's rights.

4. To further deceive the Court, petitioner and counsel filed and caused the Court to rely upon additional false and/or defective evidence of which includes, but is not limited to:

a. false statements and regarding petitioner financial right to free counsel through the Legal Aid Society. Petitioner's Exhibit C tax returns are inadmissible and defective as they were never signed. Respondents believe the tax returns were never filed with the IRS and, if they were, then petitioner may be in violation of IRS law as they failed to report the income from business which they used to pay for their personal residence. Despite notice of the same by Respondents, Petitioner's counsel, as an Officer of the Court, has failed to investigate the same and colluded with petitioner, in violation of his Codes of Conduct.

b. Furthermore, petitioner and conspired, colluded and made false statements on the record with false claims regarding Petitioners correspondence with the police, without any supporting evidence or affidavit under penalty of perjury.

c. committed defamation and libel by making false statements that C Amelio demanded money which was instead an offer made by a friend/ attorney acting in their behalf of Petitioner.

83. On January 8, 2022, C. Amelio retained Naveed M. Siddiqi ("Mr. Siddiqi") and firm Siddiqi Law Group P.C., and paid $750.00 for landlord-tenant matter, Index No.: LT-313391 ("LT case"). C. Amelio also paid Mr Siddiqi $1,200.00 deposit toward retainer, which was never executed, for a separate Surpeme Court action ("Supreme case"), recommended by Mr. Siddiqi, against tenants Galia and Eyal; deceitfully stating that it would circumvent the Landlord-Tenant court and falsely stating that it would expedite eviction, when he knew that the pending Landlord-Tenant court actions took precedence and counter suit was proper. Mr Siddiqi appeared on January 10, 2023 for the LT case but

failed to respond to opposing counsel and communicate with C. Amelio on settlement discussions which constitutes malpractice pursuant to New York Law, breach of duty pursuant to the common law of New York, tortious interference pursuant to the common law of New York, Intention infliction of emotional distress pursuant to the common law of New York and negligent inflection of emotional distress pursuant to the common law of New York. C. Amelio discharged Mr. Siddiqi and his firm on January 20, 2023 and had to appear Pro Se at hearing held January 21, 2022 and forced and coerced, under duress settle with Plaintiff's pursuant to agreement through their counsel. Plaintiff agreed only to return from storage the items belonging Galia and Eyal, and their alleged claims that some items belonged to other defendant, including claims by defendants Nadav, Nevo and May Hess, who were accomplices to the wrongdoing and harm caused to plaintiffs and who aided, abetted and conspired with Galia and Eyal. On March 23, 2023, C. Amelio send text to Mr. Siddiqi stating that his tenants had vacated the premises on February 22, 2022, that plaintiffs would not be proceed with the Supreme case, and requested the return of his $1,200.00 deposit payment. Mr. Siddiqi refused to return the deposit and falsely stated that he had drafted the Supreme case complaint, which was never drafted or sent to C. Amelio. It appears that Mr. Siddiqi had no interest or intent to settle the LT case and the self interest to continue to the Supreme case for self enrichment and thus tortiously interfered with the LT case.

84. As a direct and proximate result of the Defendants' breach of contract, breach of fiduciary duty, property damage, tampering with mail, impersonation, unauthorized access to plaintiffs' internet account, harassment, emotional distress, conspiracy, legal malpractice and negligence the Plaintiffs, Amelios suffered irreparable harm.

85. All of the injuries, damages, and irreparable harm sustained by the Amelios resulted from Defendants' breach of contract, breach of fiduciary duty, property damage, tampering with mail, impersonation, unauthorized access to plaintiffs' internet account, harassment, emotional distress, conspiracy, legal malpractice, intentional acts and/or negligence.

86. That as a direct and proximate result of Defendants' breach of contract, breach of fiduciary duty, property damage, tampering with mail, impersonation, unauthorized access to plaintiffs' internet account, harassment, emotional distress, conspiracy/ RICO, intentional acts and/or negligence, the Amelios suffered irreparable harm, economic damages, emotional distress, conscious pain and suffering, and other damages.

**COUNT I - Breach of Contract/ Breach of Fiduciary Duty**
**(against Galia Houri and Eyal Ronen, Naveed M. Siddiqi, Siddiqi Law Group P.C.)**

87. The Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1-86 above.

88. In the alternative, Defendants owed a fiduciary duty to Plaintiffs with regard to the Property.

89. Defendants' breach of contract and breach of fiduciary duty directly and proximately caused irreparable harm and damages to the Amelios.

90. As a direct result of Defendants' breach of contract and/or breach of fiduciary duty by the Defendant, the Plaintiffs sustained irreparable harm and damages, to include but not limited to, economic damages, mental anguish, emotional pain and suffering.

**COUNT II – Common-law negligence, willful damage to property, trespass, and nuisance**
**(**against Galia Houri, Eyal Ronen, Unknown Female Traspasser "Nevo", Nicholas Blasone, The Legal Aid Society, Max Reinhardt, Richard Semegram, Leiroze Mizrahi and Instalock Locksmith 304 Inc**)**

91. Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1-86 above.

92. The Defendants' common-law negligence, willful damage to property, trespass, and nuisance directly and proximately caused irreparable harm and economic damages to the Amelios.

93. As a direct result of Property damage by the Defendants, the Plaintiffs sustained irreparable harm and damages, to include but not limited to, economic damages, mental anguish, emotional pain and suffering.

94. That the Defendants property damage directly caused irreparable harm and damages to the Amelios.

95. That as a direct result of property damage by the Defendant, the Plaintiffs sustained irreparable harm and damages, to include but not limited to, mental anguish, emotional pain and suffering.

**COUNT III – Trespass to Chattel, Conversion, Fraud, Computer Fraud, and Abuse Act ("CFAA")**
**(against Galia Houri and Eyal Ronen)**

96. The Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1-86 above.

97. The Defendants' Trespass to Chattel, Conversion, Fraud, Computer Fraud, and Abuse Act ("CFAA") directly and proximately caused irreparable harm and damages to the Amelios.

98. As a direct result of property damage by the Defendant, the Plaintiffs sustained irreparable harm and damages, to include but not limited to, economic damages, mental anguish, emotional pain and suffering.

**COUNT IV - Tampering with mail, Obstruction of justice, Abuse of legal process, lying to police in violation of 18 U.S. Code § 1708, 18 U.S. Code § 1503, 18 U.S.C. § 1505, 18 U.S.C. § 1589, pursuant to 18 U.S. Code § 1694**

(against Galia Houri, Eyal Ronen, Unknown Female Traspasser "Nevo", Nicholas Blasone, The Legal Aid Society, Max Reinhardt, Richard Semegram, Leiroze Mizrahi and Instalock Locksmith 304 Inc, Naveed M. Siddiqi, Siddiqi Law Group P.C., Jonathan Corrado, Bernadette Corey and Joel Polanco)

99. The following is the quoted section of applicable law: "U.S. Code § 1708 - Theft or receipt of stolen mail matter gen-erally

Whoever steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to obtain, from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or abstracts or removes from any such letter, package, bag, or mail, any article or thing contained therein, or secretes, embezzles, or destroys any such letter, postal card, package, bag, or mail, or any article or thing contained therein; or
Whoever steals, takes, or abstracts, or by fraud or deception obtains any letter, postal card, package, bag, or mail, or any article or thing contained therein which has been left for collection upon or adjacent to a collection box or other authorized depository of mail matter; or
Whoever buys, receives, or conceals, or unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, or abstracted—Shall be fined under this title or imprisoned not more than five years, or both.

100. Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1-86 above.

101. The Defendants' tampering with mail, Obstruction of justice, Abuse of legal process, lying to police directly and proximately caused irreparable harm and damages to the Amelios.

102. As a direct result of property damage by the Defendants, the Plaintiffs sustained irreparable harm and damages, to include but not limited to, economic damages, mental anguish, emotional pain and suffering.

**COUNT V – Abuse of process pursuant to the common law of New York**
(against Galia Houri, Eyal Ronen, Unknown Female Traspasser "Nevo", Nicholas Blasone, The Legal Aid Society, Max Reinhardt, Richard Semegram, Leiroze Mizrahi and Instalock Locksmith 304 Inc, Jonathan Corrado, Bernadette Corey and Joel Polanco)

103. Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1-86 above.

104. The Defendants' abuse of process pursuant to the common law of New York directly and proximately caused property damage to Plaintiffs' Property, which caused irreparable harm and damages to the Amelios.

105. As a direct result of property damage by the Defendants, the Plaintiffs sustained irreparable harm and damages, to include but not limited to, economic damages, mental anguish, emotional pain and suffering.

**COUNT VI - Negligence pursuant to the common law of New York**
(against Galia Houri, Eyal Ronen, Unknown Female Traspasser "Nevo", Nicholas Blasone, The Legal Aid Society, Max Reinhardt, Richard Semegram, Leiroze Mizrahi and Instalock Locksmith 304 Inc, Naveed M. Siddiqi, Siddiqi Law Group P.C., Jonathan Corrado, Bernadette Corey and Joel Polanco)

106. Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1-86 above.

107. Defendants owed a duty of reasonable care to Plaintiffs' property (Real and Personal).

108. Defendants breached the duty of reasonable care owed to Plaintiffs through negligence.

109. As a direct result of such negligence to Plaintiffs' property, by Defendants, caused economic damages, irreparable harm and damages to the Amelios.

110. As a direct result of Defendant's breach of duty of care owed to Plaintiffs, Defendants caused property damage to the Plaintiffs , who sustained economic damages, irreparable harm and damages, to include but not limited to, mental anguish, emotional pain and suffering

**COUNT VII – Intentional Infliction of Emotion Distress pursuant to the common law of New York**

(against Galia Houri, Eyal Ronen, Unknown Female Traspasser "Nevo", Nicholas Blasone, The Legal Aid Society, Max Reinhardt, Richard Semegram, Leiroze Mizrahi and Instalock Locksmith 304 Inc, Naveed M. Siddiqi, Siddiqi Law Group P.C., Jonathan Corrado, Bernadette Corey and Joel Polanco)

111. Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1-86 above.

112. Defendants have acted intentionally and/or recklessly and/or negligently with regard to Plaintiffs' property (real and personal).

113. Defendants' acts were outrageous and extreme.

114. Defendants' acts have caused the plaintiffs' emotional distress.

115. Defendants caused Plaintiffs' property to be damaged and as a direct result of such malfeasance caused irreparable harm and damages to the Amelios.

116. As a direct result of Defendants' malfeasance resulting in Plaintiffs' property damage the Plaintiffs sustained irreparable harm and damages, to include but not limited to, mental anguish, emotional pain and suffering.

**COUNT VIII – Negligent Infliction of Emotion Distress pursuant to the common law of New York**

(against Galia Houri, Eyal Ronen, Unknown Female Traspasser "Nevo", Nicholas Blasone, The Legal Aid Society, Max Reinhardt, Richard Semegram, Leiroze Mizrahi and Instalock Locksmith 304 Inc, Naveed M. Siddiqi, Siddiqi Law Group P.C., Jonathan Corrado, Bernadette Corey and Joel Polanco)

117. Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1-86 above.

118. Defendants have acted intentionally and/or recklessly and/or negligently with regard to Plaintiffs' property (real and personal).

119. Defendants' acts were outrageous and extreme.

120. Defendants' acts have caused the plaintiffs' emotional distress.

121. Defendants caused Plaintiffs' property to be damaged and as a direct result of such malfeasance caused irreparable harm and damages to the Amelios.

122. As a direct result of Defendants' malfeasance resulting in Plaintiffs' property damage the Plaintiffs sustained irreparable harm and damages, to include but not limited to, mental anguish, emotional pain and suffering.

**COUNT IX – Tortious Interference pursuant to the common law of New York**
(against Galia Houri, Eyal Ronen, Unknown Female Traspasser "Nevo", Nicholas Blasone, The Legal Aid Society, Max Reinhardt, Richard Semegram, Leiroze Mizrahi and Instalock Locksmith 304 Inc, Naveed M. Siddiqi, Siddiqi Law Group P.C., Jonathan Corrado, Bernadette Corey and Joel Polanco)

Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1-86 above.

123. Defendants have tortiously interfered, acted intentionally and/or recklessly and/or negligently with regard to Plaintiffs' property (real and personal).

124. Defendants' acts were outrageous and extreme.

125. Defendants' acts have caused the plaintiffs' emotional distress.

126. Defendants caused Plaintiffs' property to be damaged and as a direct result of such malfeasance caused irreparable harm and damages to the Amelios.

127. As a direct result of Defendants' malfeasance resulting in Plaintiffs' property damage the Plaintiffs sustained irreparable harm and damages, to include but not limited to, mental anguish, emotional pain and suffering.

**COUNT X - Conspiracy pursuant to the common law of New York**

(against Galia Houri, Eyal Ronen, Unknown Female Traspasser "Nevo", Nicholas Blasone, The Legal Aid Society, Max Reinhardt, Richard Semegram, Leiroze Mizrahi and Instalock Locksmith 304 Inc, Jonathan Corrado, Bernadette Corey and Joel Polanco)

128. Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1-86 above.

129. Defendants conspired with one another to intentionally act in a conspiracy to violate the rights of the Plaintiffs with regard to Plaintiffs' property.

130. Defendants acted in furtherance of such conspiracy as set forth in the general allegations contained in paragraphs 1-82.

131. As a direct result of the Defendants' conspiracy and subsequent actions in furtherance of that conspiracy, the Plaintiffs were damaged to include irreparable harm and damages, to include but not limited to, economic damages, mental anguish, emotional pain and suffering.

**COUNT XI - Deprivation of Right to Personal Privacy and Dignity; Unreasonable or Unlawful Seizure in violation of the Fourth Amendment pursuant to 42 U.S.C. 1983**
(against Jonathan Corrado, Bernadette Corey and Joel Polanco)

132. Unlawful seizure for trial, in violation of the 4th amendment, is actionable pursuant to 42 USC, section 1983:

133. Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1-86 above.

134. Defendants have, by their actions unlawfully seized and improperly deprived Plaintiffs of their property without due process or legal justification.

135. As a direct result of Defendants' malfeasance, unlawful seizure and deprivation of property without due process, Plaintiffs have suffered irreparable harm and damages to to

include but not limited to, economic damages, mental anguish, emotional pain and suffering.

**COUNT XII – Retaliation in violation of the 1st Amendment pursuant to 42 U.S.C. 1983**

(against Galia Houri, Eyal Ronen, Unknown Female Traspasser "Nevo", Nicholas Blasone, The Legal Aid Society, Max Reinhardt, Richard Semegram, Leiroze Mizrahi and Instalock Locksmith 304 Inc, Naveed M. Siddiqi, Siddiqi Law Group P.C., Jonathan Corrado, Bernadette Corey and Joel Polanco)

136. Retaliation, in violation of the 1st amendment, is actionable pursuant to 42 USC, section 1983:

137. Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1-86 above.

138. The Defendants directly caused irreparable harm and damages to the Amelios.

139. That as a direct result of harm by the Defendant, the Plaintiffs sustained irreparable harm and damages, to include but not limited to, economic damages,mental anguish, emotional pain and suffering.

**COUNT XIII- Deprivation of Right to Due Process and Equal Protection under the Law in violation of the Fourteenth Amendment pursuant to 42 U.S.C. 1983**

(against Galia Houri, Eyal Ronen, Unknown Female Traspasser "Nevo", Nicholas Blasone, The Legal Aid Society, Max Reinhardt, Richard Semegram, Leiroze Mizrahi and Instalock Locksmith 304 Inc, Naveed M. Siddiqi, Siddiqi Law Group P.C., Jonathan Corrado, Bernadette Corey and Joel Polanco)

140. False statements by a public official in violation of due process and equal protection of the 14th amendment, actionable pursuant to 42 USC, section 1983:

141. Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1-86 above.

142. The Defendants directly caused irreparable harm and damages to the Amelios. That as a direct result of harm by the Defendant, the Plaintiffs sustained irreparable harm and damages, to include but not limited to, economic damages,mental anguish, emotional pain and suffering.

**COUNT XIV - Denial of procedural due process and equal protection, in violation of the 14th amendment pursuant to 42 U.S.C. 1983**
(against Galia Houri, Eyal Ronen, Unknown Female Traspasser "Nevo", Nicholas Blasone, The Legal Aid Society, Max Reinhardt, Richard Semegram, Leiroze Mizrahi and Instalock Locksmith 304 Inc, Naveed M. Siddiqi, Siddiqi Law Group P.C., Jonathan Corrado, Bernadette Corey and Joel Polanco)

143. Denial of procedural due process and equal protection, in violation of the 14th amendment, is actionable pursuant to 42 USC, section 1983:

144. Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1-86 above.

145. The Defendants directly caused irreparable harm and damages to the Amelios.That as a direct result of harm by the Defendant, the Plaintiffs sustained irreparable harm and damages, to include but not limited to, economic damages, mental anguish, emotional pain and suffering.

**COUNT XV - Cover up actionable pursuant to 42 USC, section 1983:**
(against Jonathan Corrado, Bernadette Corey and Joel Polanco)

146. Cover up, is actionable pursuant to 42 USC, section 1983:

147. Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1-86 above.

148. The Defendants directly caused irreparable harm and damages to the Amelios. That as a direct result of harm by the Defendant, the Plaintiffs sustained irreparable harm and

damages, to include but not limited to, economic damages,mental anguish, emotional pain and suffering.

**COUNT XVI – legal malpractice pursuant to New York Law**
(against Naveed M. Siddiqi, Siddiqi Law Group P.C., The Legal Aid Society, Max Reinhardt, Richard Semegram)

Legal malpractice, actionable pursuant to 42 USC, section 1983:

The Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1-86 above.

149. That the Defendants directly caused irreparable harm and damages to the Amelios.

150. That as a direct result of harm by the Defendant, the Plaintiffs sustained irreparable harm and damages, to include but not limited to, mental anguish, emotional pain and suffering.

**COUNT XVI – Malicious abuse of process pursuant to 42 USC, section 1983**
(against Galia Houri, Eyal Ronen, Unknown Female Traspasser "Nevo", Nicholas Blasone, The Legal Aid Society, Max Reinhardt, Richard Semegram, Leiroze Mizrahi and Instalock Locksmith 304 Inc, Naveed M. Siddiqi, Siddiqi Law Group P.C., Jonathan Corrado, Bernadette Corey and Joel Polanco)

Malicious abuse of process pursuant to 42 USC, section 1983:

The Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1-86 above.

151. That the Defendants directly caused irreparable harm and damages to the Amelios.

152. That as a direct result of harm by the Defendant, the Plaintiffs sustained irreparable harm and damages, to include but not limited to, mental anguish, emotional pain and suffering.

**WHEREFORE,** The Plaintiffs individually, claim monetary damages against the Defendants jointly and severally in an amount that exceeds the jurisdiction of the District Court of New York, Southern District, to be determined at trial, plus costs, and for any further relief that this Honorable Court determines necessary and appropriate.

## RIGHT TO AMEND COMPLAINT

The Plaintiff herein reserve their right amend, add and submit additional evidence, pleadings and affidavits to this Complaint.

## CLAIMS RESERVED

The Plaintiff herein reserve all claims against non-parties to this complaint that are not designated as Defendants in this matter, allowing the Plaintiff an opportunity to discover all relevant facts and any and all claims against the non-parties.

## EQUITABLE TOLLING

The Plaintiffs herein invoke equitable tolling in order to preserve any and all claims recently discovered by Plaintiff, or if the conduct complained of herein is continuous.

## VERIFICATION

The above information is true and correct to the best of our knowledge.

Dated: January 27, 2024

*/s/ Carmine P. Amelio*
Carmine P. Amelio, Plaintiff Pro Se
32 Main Street
New Milford, CT 06776

*/s/ Alfonso Amelio*
Alfonso Amelio, Plaintiff Pro Se

*/s/ Paul Amelio*
Paul Amelio, Plaintiff Pro Se