UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARMINE P. AMELIO, et al,

      Plaintiffs,

  - against -

GALIA HOURI, EYAL RONEN, et al,

      Defendants.
------------------------------------------------------------X

22-CV-975 (DEH) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

  On December 11 and 14, 2023, Plaintiffs moved for leave to file a Fourth Amended Complaint ("FAC"). (Dkts. 71, 74.) The motion did not include a comparison of the FAC with the Third Amended Complaint. Pursuant to Court Order (Dkt. 80), Plaintiff filed a comparison document on January 27, 2024 (Dkt. 81). Accordingly, by **February 14, 2024**:

  1. Defendants shall file a letter indicating their position with respect to allowing the amendment (any consent to amend will be reserved rights to move to dismiss and will not deprive the consenting party of the opportunity to move to dismiss any claim);

  2. In their letter, the Legal Aid Society Defendants shall indicate whether, in the event leave is granted to file the FAC, they (i) stand on their existing motion to dismiss as applied to the FAC, or (ii) intend to withdraw their currently pending motion and file a new motion to dismiss or otherwise answer the FAC.

  Additionally, the Court has reviewed the FAC and, while affording the pro se Plaintiffs a liberal construction of their pleading, sua sponte has determined that certain of Plaintiffs' proposed additional claims necessarily should not be allowed due to futility

as follows (other proposed claims may also be futile, and defendants are free to argue so):

1.      The FAC does not state a claim for relief under the Computer Fraud And Abuse Act, 18 U.S.C. § 1030 ("CFAA"). The FAC is devoid of any allegations that any defendant accessed a protected computer without authorization or exceeded authorized access, or that anything obtained through such unauthorized access and use was worth more than $5,000. *See Goodman v. Goodman*, No. 21-CV-10902, 2022 WL 17826390, at *6-7 (S.D.N.Y. Dec. 21, 2022), *R. & R. adopted*, 2023 WL 1967577 (S.D.N.Y. Feb. 12, 2023). **Count III**, the FAC's asserted cause of action under the CFAA, therefore is futile.

2.      Count IV asserts claims under criminal statutes for which there is no private right of action. *See, e.g., Zahl v. Kosovsky*, No. 08-CV-8308, 2011 WL 779784, at *10 (S.D.N.Y. March 3, 2011) (no private right of action under 18 U.S.C. § 1708); *Nichairmhaic v. Dembo*, No. 13-CV-1184, 2013 WL 6385041, at *6 (D. Conn. Dec. 4, 2013) (no private right of action under 18 U.SC. § 1503). 18 U.S.C. § 1589 does provide a private right of action, but it has no applicability to the instant case as that statute concerns trafficking in forced labor. *See Baldia v. RN Express Staffing Registry LLC*, 633 F. Supp.3d 693 (S.D.N.Y. 2022). **Count IV** therefore is futile.

3.      The FAC includes several counts asserting Section 1983 claims. A Section 1983 claim may only be brought against a person acting under color of state law. None of the defendants as alleged in the FAC acted under the color of state law except for police officers. Nor does the FAC sufficiently state joint action or conspiracy between the police and other defendants; to the contrary, the FAC alleges that police acted on false information provided by others but not that any officer knew the information was false or

that there was any agreement between the police and the other defendants.  S*ee Moroughan v. County of Suffolk*, 514 F. Supp.3d 479 (E.D.N.Y. 2021).  Accordingly, **Counts XII, XIII, XIV, and the second denominated XVI** (but which should be XVII) are futile to the extent asserted against any defendant other than Corrado, Cory, and Polanco.

    4.    Count XII asserts retaliation in violation of the First Amendment pursuant to Section 1983.  As explained above, a 1983 claim may be asserted only against someone acting under color of state law; in this instance, the three named police officers.  But the FAC is devoid of any allegations that the police retaliated against Plaintiffs for anything, let alone for exercising First Amendment rights.  **Count XII** therefore is futile.

Accordingly, by **February 14, 2024**, Plaintiffs shall file a letter explaining why the above claims are not futile and should be allowed (in the event that any amendment is allowed).

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: January 31, 2024
       New York, New York

Copies transmitted this date to all counsel of record.  The Court respectfully requests the Clerk of Court to mail a copy of this Order to the pro se Plaintiffs:

Carmine P. Amelio
32 Main Street
New Milford, CT 06776

Alfonso Amelio
32 Main Street
New Milford, CT 06776

Paul Amelio
32 Main Street
New Milford, CT 06776

4