IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CARMINE P. AMELIO, ALFONSO AMELIO, and PAUL AMELIO

      Plaintiff,

v.

GALIA HOURI, EYAL RONEN, UNKNOWN FEMALE TRESPASSER "NEVO", NICHOLAS BLASONE, MAY HESS, PATRICIA BLASONE, THE LEGAL AID SOCIETY, MAX REINHARDT, RICHARD SEMEGRAM, NAVEED M. SIDDIQI, SIDDIQI LAW GROUP, LEIROZE MIZRAHI, INSTALOCK LOCKSMITH 304 INC, JONATHON CORRADO, NADAV HOURI, BERNADETTE COREY, and JOEL POLANCO

      Defendants.

22 CIV. 975 (JPC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/22/2024

Plaintiffs' motion for reconsideration of their request for another extension at Dkt. 93 is denied. Plaintiffs have not identified any fact or legal authority overlooked by the Court.

SO ORDERED:

3/22/2024

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

**Motion For Reconsideration Pursuant to Local Rule 6.3**

Plaintiffs, hereby move this court for reconsideration pursuant to local rule 6.3 from the following order entered by the Court on March 6, 2024:

MEMO ENDORSEMENT on re: 91 Letter, filed by Alfonso Amelio, Carmine P. Amelio, Paul Amelio. ENDORSEMENT: Request denied. As made clear in the order at Dkt. 90, the last extension was final. SO ORDERED. (Signed by Magistrate Judge Robert W. Lehrburger on 3/6/2024) (mml) (Entered: 03/06/2024)

I. BRIEF HISTORY

1. On January 27, 2024, Plaintiff's filed their Fourth Amended Complaint ("FAC").

2. On January 31, 2024 the Court Magistrate Judge Robert W. Lehrburger ("Judge Lehrburger") entered an Order instructing plaintiffs "by February 14, 2024, Plaintiffs shall file a letter explaining why the above claims are not futile and should be allowed (in the event that any amendment is allowed)."

3. On February 14, 2024, plaintiff timely filed their request for extension of time.

4. On February 15, 2024 plaintiff Carmine Amelio ("Carmine") felt very ill and was diagnosed with a viral infection by his doctor.

5. On February 16, 2024 the Court grant plaintiffs request for extension of time to file their response on or before March 4, 2024.

6. On March 6, 2024, the Court denied plaintiff request for extension of time.

II. SPECIFIC FACTS

1. Plaintiffs appreciated this Court grant their first extension request, however it did not allow plaintiffs enough time to respond to Judge Lehrburger's complex request, which involves many aspects of the FAC. In addition, Carmine has no way of knowing that he would become very ill beginning February 15, 2024 and remains very ill with another doctor appointment on March 13, 2024, X-rays on March 19, 2024 and a third doctor appointment March 20, 2024 and prescription medication (plaintiff will provide under seal)

2. The only relief the plaintiffs are seeking from illness is additional time to prepare and filed their response. Judge Lehrburger's request is that does not have a simple answer because it involves many aspects of the complaint and plaintiffs due process to properly

address and respond.

3. Plaintiffs had no way of planning or predicting illness when he made his first request and therefore the additional time that the court allowed was consumed mostly by plaintiff's illness, combined with ither court matters and responsibilities that were already difficult, and only made nearly impossible with illness. The Court failed to recognize plaintiff's medical issues pursuant to ADA the conditions and additional two week extension that is normally given to attorneys, trained attorneys, educated experienced Attorneys, including a second request for extension, and in this case, the court denies it. Plaintiff filed his complaint and quickly served the original two defendants and responded to this court order to show cause regarding diversity at the time since that time who plaintiffs defendants who caused damages to defendant Plaintiffs subsequently amended their complaint to add additional defendants and facts. The fourth amendment complaint the purpose of the force of the plate was add the city of New York and the 45th precinct as defendants, an additional fact which plaintiffs inadvertently omitted due to different versions of the documents that were being prepared.

4. Plaintiffs have been burdened with financial hardship due to unforeseen change in circumstances and other court matters. Plaintiffs have been overwhelmed and under duress and with limiting chronic medical issues and disabilities, filed UNDER SEAL on May 26, 2023, pursuant to ADA, which this Court complies with and, under his doctor's care and orders, must carefully monitor work, activities, responsibilities, including shared legal and physical custody of his children and other pending legal matters, in various States, and to properly address matters while managing his health and medical issues.

III. LEGAL GROUNDS

    5. Motions for reconsideration are governed by Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, which states:

Unless otherwise provided by statute or rule . . ., a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment.

Rule 6.3 Motions for Reconsideration or Reargument (amended effective December 1, 2009) ("Local Civil Rule 6.3"). Local Civil Rule 6.3 has been amended to change the time limitation from ten to fourteen days.

Motions for reconsideration under Local Civil Rule 6.3 are committed to the sound discretion of the district court. *See Patterson v. United States*, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

A motion for reconsideration is appropriate where "`the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" A motion for reconsideration may also be granted to "`correct a clear error or prevent manifest injustice.'" *RST (2005) Inc. v. Research in Motion Ltd.*, No. 07 Civ. 3737, 2009 WL 274467, at *1 (S.D.N.Y. Feb. 4, 2009) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

The purpose of Local Civil Rule 6.3 is to "`ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *SEC v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001). *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

## IV. CONCLUSION

1. Plaintiffs are pro se and not an attorney trained in law, which outside of his full time occupation, require extensive time to research and prepare pleadings and the administration and other court matters.

2. Plaintiffs are not making this request bad faith or for the purposes of delay and Defendants would be not prejudiced in this Honorable Court granting leave to amend and for such other relief as this court deems fair and just.

3. Despite their shortcomings, Plaintiffs have done their best to fully and timely comply with the orders of this court and actively prosecute this case.

4. Again, Plaintiffs humbly & with full respect, seek an extension for leave to acknowledge and allow Plaintiffs' and process service of the same.

WHEREFORE, Plaintiffs respectfully for this Court to grant their motion for reconsideration.

Dated: New Milford, CT	Respectfully submitted,
      March 20, 2023

                                                */s/ Carmine P. Amelio*
                                                Carmine P. Amelio, *Plaintiff Pro Se*

*/s/ Alfonso Amelio*
Alfonso Amelio

*/s/ Paul Amelio*
Paul Amelio

CC:
Galia Houri and Eyal Ronen
68 Lake Street #301
White Plains, NY 10603

Nicolette Pellegrino
The City of New York
Law Department
100 Church Street
New York, NY 10007

Maxim Nowak
Herrick, Feinstein LLP
Two Park Avenue
New York, NY 10016