UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMINE P. AMELIO, et al.,

                                        Plaintiffs,

                    v.

GALIA HOURI, et al.,

                                        Defendants.

22 Civ. 975 (DEH) (RWL)

**OPINION
AND ORDER**

DALE E. HO, United States District Judge:

Magistrate Judge Robert W. Lehrburger issued a Report and Recommendation (the "Report") recommending that the motion to dismiss filed by Defendants the Legal Aid Society, Max Reinhardt, and Richard Semegram, be granted in their entirety, and that Plaintiffs' motion to amend be granted in part and denied in part.[1]  For the reasons stated below, Judge Lehrburger's well-reasoned Report and Recommendation is **ADOPTED IN FULL**.

## BACKGROUND

Familiarity with the factual background and relevant procedural history of this case as set out in Magistrate Judge Lehrburger's Report is assumed.

This action is assigned to Magistrate Judge Robert W. Lehrburger for general pretrial supervision and for dispositive motions.[2]  Defendants the Legal Aid Society, Max Reinhardt, and Richard Semegram (the "Legal Aid Defendants") filed a motion to dismiss on November 1, 2023.[3]  Plaintiffs also seek to amend their complaint for a fourth time.[4]  The only Defendants

---

[1] *See* Report and Recommendation ("R&R"), ECF No. 97.

[2] ECF No. 16.

[3] *See* ECF No. 62.

[4] *See* ECF Nos. 74, 81.

who have appeared in this matter, the Legal Aid Defendants and NYPD Defendants both objected to Plaintiffs' request for leave to amend for a fourth time.[5]

On April 4, 2024, Magistrate Judge Lehrburger issued a Report and Recommendation addressing both pending motions.[6]  After the Court granted Plaintiffs various extensions, Plaintiffs filed objections to the Report on June 6, 2024.[7]  On July 8, 2024, Defendants NYPD filed an opposition to Plaintiffs' objections;[8] and the Legal Aid Society, Max Reinhardt, and Richard Semegram separately filed their own opposition.[9]  Without the Court's leave, Plaintiffs filed "Amended Objections" to the Report and Recommendation on July 8, 2024.[10]  After reviewing the Report, Plaintiffs' first and amended objections, and Defendants' oppositions, the Court adopts the Report and Recommendation in its entirety.

## LEGAL STANDARDS

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[11]  For dispositive matters, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to" by any party.[12]  For those portions to which no proper objection is made, a

---

[5] *See* ECF Nos. 82, 88.

[6] *See* R&R.

[7] *See* Pls.' Obj., ECF No. 106.

[8] *See* NYPD Opp'n, ECF No. 111.

[9] *See* ECF No. 112.

[10] *See* Pls.' Am. Obj., ECF No. 113.

[11] 28 U.S.C. § 636(b)(1)(C).

[12] Fed. R. Civ. P. 72(b)(3).  All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

district court need only satisfy itself that there is no "clear error on the face of the record."[13]

Plaintiffs are proceeding *pro se*. The submissions of *pro se* litigants are construed liberally and interpreted to raise the strongest arguments that they suggest.[14] "Parties have a right to self-representation, and . . . [w]hile the right does not exempt a party from compliance with relevant rules of procedural and substantive law, it should not be impaired by harsh application of technical rules."[15]

## DISCUSSION

The Court first considers the Plaintiffs' arguments regarding the motion to dismiss, and then their arguments' regarding the motion to amend.

With regards to the motion to dismiss, Plaintiffs raise two issues: first, they state that "Rooker-Feldman is not applicable," and second, they argue that the Report's reference to Plaintiffs' "other cases is disparaging."[16] Plaintiffs' statement that "Rooker-Feldman is not applicable" is a conclusory and general objection. Where, as here, Plaintiffs "make[] only conclusory or general objections, or simply reiterate[] [their] original arguments," the Court reviews the Report and Recommendation strictly for clear error.[17] After careful review of the Report and the parties' briefs, the Court concludes that the *Rooker-Feldman* doctrine applies for the reasons stated in the Report, and finds no clear error.[18] As for the Report's reference to Plaintiffs' other case in this District, the Report quotes that case only to demonstrate that "the

---

[13] *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 n.4 (2d Cir. 2022).

[14] *See Saeli v. Chautauqua Cnty.*, 36 F.4th 445, 457 (2d Cir. 2022).

[15] *United States v. Starling*, 76 F.4th 92, 99 (2d Cir. 2023).

[16] *See* Pls.' Obj. and Am. Obj.

[17] *Sughrim v. New York*, 690 F. Supp. 3d 355, 371 (S.D.N.Y. 2023).

[18] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Court does not have subject matter jurisdiction over Plaintiffs' claims against the Legal Aid Defendants,"[19] and not to disparage the Plaintiffs. The reference does not constitute clear error.

Next, the Court turns to Plaintiffs' motion for leave to amend. Plaintiffs state that they seek leave "to file a motion for late tort claim"[20] against the NYPD Defendants, even though they have not complied with the notice of claim requirements set forth in New York General Municipal Law § 50-i(1)(b).[21] Plaintiffs ask the Court to exercise supplemental jurisdiction over this "late tort claim" because they believe a "motion for a late notice of claim can be filed."[22] As the Report explains,[23] and this Court reiterates, "[f]ederal courts do not have jurisdiction to hear complaints from plaintiffs who have failed to comply with the notice of claim requirement, or to grant permission to file a late notice."[24] Accordingly, the Court adopts the Report's recommendation that Plaintiffs are not permitted to file an FAC that includes any state law cause of action against the NYPD Defendants.

Finally, in their Objections, Plaintiffs appear to seek leave to add the 45th Precinct as a defendant.[25] The NYPD Defendants argue that Plaintiffs' request for "leave to amend the TAC to add the . . . 45th Precinct as defendants" should be denied because it "is procedurally improper, and . . . any such amendments would be futile."[26] But Plaintiffs respond in their

---

[19] R&R 21-22.

[20] Pls.' Am Obj. 4.

[21] R&R 27-28.

[22] Pls.' Am. Obj 5.

[23] R&R 28.

[24] *Van Cortlandt v. Westchester County*, 2007 WL 3238674, at *8 (S.D.N.Y. 2007); *see also Davis v. City of New York*, No. 12 Civ. 3297, 2018 WL 10070540, at *13 (S.D.N.Y. Mar. 30, 2018); *Faruki v. City of New York*, No. 10 Civ. 9614, 2012 WL 1085533, at *10 (S.D.N.Y. Mar. 30, 2012), *aff'd*, 517 F. App'x 1 (2d Cir. 2013).

[25] *See* Pls.' Obj. 5.

[26] NYPD Defs.' Opp'n 2.

Amended Objections that they "will not be adding the 45th precinct []as defendants."[27]

Plaintiffs do not properly object to the remaining portions of the report, so they are also subject to clear error review.[28]  The Court finds no error, clear or otherwise, in the Report's discussion of these issues, and accordingly, they are adopted.

## CONCLUSION

For the reasons given above, the Report and Recommendation is **ADOPTED IN FULL.** Plaintiff shall file its Fourth Amended Complaint consistent with the Report[29] within **three weeks of this Order.**

The Clerk of Court is respectfully requested to terminate ECF Nos. 62 and 71, to terminate Defendants the Legal Aid Society, Max Reinhardt, and Richard Semegram, and to mail this Order to *pro se* Plaintiffs.

SO ORDERED.

Dated:  September 13, 2024
        New York, New York

_____
                DALE E. HO
        United States District Judge

---

[27] Pls.' Am. Obj. 6.

[28] *See Miller*, 43 F.4th at 120 n.4.

[29] *See* R&R 28-29.