UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Amelio et al., | |
| Plaintiffs, | |
| v. | 22-CV-975 (DEH) |
| Houri et al., | MEMORANDUM ORDER |
| Defendants. | |

DALE E. HO, United States District Judge:

Currently before the Court is Plaintiffs' Motion for Recusal of Magistrate Judge Robert W. Lehrburger.[1] Plaintiffs argue that Judge Lehrburger exhibited "bias and prejudice" against Plaintiffs in two ways: (1) by denying Plaintiffs' request for a two-week extension to file a motion for reconsideration and (2) by referring to Plaintiffs' "request as 'vexatious' and unnecessary."[2] Plaintiffs say that Judge Lehrburger's use of the word "vexatious" in reference to their extension request "underscores systemic bias against Plaintiffs" and "creates a barrier to fair proceedings."[3] Now, Plaintiffs say, they are "unjustly burdened with defending his [sic] right to due process and fair proceedings while being repeatedly denied reasonable accommodations routinely granted to bar-licensed attorneys."[4]

Under 28 U.S.C. § 455, "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. He

---

[1] Motion for Recusal, ECF No. 124.

[2] *Id.* at 2.

[3] *Id.* at 3.

[4] *Id.* at 4. There are three Plaintiffs in this case: Carmine P. Amelio, Alfonso Amelio, and Paul Amelio. Plaintiffs' Motion for Recusal alternates between referring to a single plaintiff and referring to Plaintiffs in the collective. In this Order, the Court refers to Plaintiffs in the plural and does not correct Plaintiffs' quotations referring to themselves in the singular.

shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party."[5] "The standard for disqualification under 28 U.S.C. § 455(a) is 'an objective' one; the question is whether an objective and disinterested observer, knowing and understanding all of the facts and circumstances, could reasonably question the court's impartiality."[6] "[R]ecusal is not warranted where the only challenged conduct 'consist[s] of judicial rulings, routine trial administration efforts, and ordinary admonishments . . . to counsel and to witnesses,' where the conduct occurs during judicial proceedings, and where the judge 'neither (1) relie[s] upon knowledge acquired outside such proceedings nor (2) display[s] deep-seated and unequivocal antagonism that would render fair judgment impossible.'"[7] "[A] judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside from when judging the dispute."[8]

There is no reason Judge Lehrburger should be recused from this case. Judge Lehrburger's denial of Plaintiffs' second extension request—a standard judicial ruling—was entirely reasonable for all the reasons given at ECF No. 122.[9] There is no evidence that Judge Lehrburger denied Plaintiffs' request because of "personal bias or prejudice." And because "[m]agistrate judges are afforded broad discretion in resolving non-dispositive disputes, including matters of scheduling,"[10] Judge Lehrburger's denial of Plaintiffs' request would only be reversable if it was an abuse of his discretion—that is, if it was based on an error of law, clearly erroneous factual finding, or was

---

[5] 28 U.S.C. § 455(a)-(b)(1).

[6] *S.E.C. v. Razmilovic*, 738 F.3d 14, 29 (2d Cir. 2013) (citations omitted).

[7] *Id.* at 29-30 (quoting *Liteky v. United States*, 510 U.S. 540, 556 (1994)).

[8] *Liteky*, 510 U.S. at 558 (Kennedy, J., concurring in the judgment).

[9] *See* Memorandum Endorsement, ECF No. 122.

[10] *Marotte v. City of New York*, No. 16 Civ. 8953, 2017 WL 11105223, at *1 (S.D.N.Y. Oct. 6, 2017) (citation omitted).

otherwise outside the range of permissible decisions he could make.[11]  Clearly, Judge Lehrburger did not abuse his discretion in denying Plaintiffs' second extension request here.

The fact that Judge Lehrburger used the word "vexatious" in his denial does not change the outcome.[12]  Judge Lehrburger stated, in relevant part, that "Plaintiff continues to raise the same general litany of excuses (multiple legal matters, poor health, care-taking for children) that this and other Courts have found vexatious."[13]  It is not clear to this Court how that sentence would make "an objective and disinterested observer, knowing and understanding all of the facts and circumstances, . . . reasonably question [Judge Lehrburger's] impartiality."[14]  Nor is it clear how Judge Lehrburger's use of the word "vexatious" in his denial could constitute "a disregard for the Americans with Disabilities Act" or "suggests an improper reliance on Plaintiff's pro se status and personal circumstances to impede his case,"[15] as Plaintiffs argue.  Instead, Judge Lehrburger simply stated a fact: that Plaintiffs' reasons for requesting a second extension have been characterized, in similar circumstances, as "vexatious."  This is an "ordinary admonishment,"[16] not a statement evidencing personal bias or prejudice.[17]

---

[11] *See, e.g.*, *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001).

[12] The Court notes that Plaintiffs mischaracterizes Judge Lehrburger's use of the word "vexatious" in their Motion and its supporting affirmation.  For example, Plaintiffs write, "Judge Lehrburger's labeling of Plaintiff as 'vexatious' for reasonable requests creates a barrier to fair proceedings."  Motion for Recusal at 3.  But Plaintiffs' Motion and its supporting papers show that Judge Lehrburger only ever characterized Plaintiffs' *filings* as "vexatious."  Based on the evidence Plaintiffs have submitted, Judge Lehrburger never referred to Plaintiffs themselves as "vexatious."

[13] Memorandum Endorsement, ECF No. 122.

[14] *Razmilovic*, 738 F.3d at 29.

[15] Motion for Recusal at 2, 4.

[16] *Liteky*, 510 U.S. at 558 (Kennedy, J., concurring in the judgment).

[17] Moreover, labeling a plaintiff or his filings as "vexatious" is not disparaging or derogatory.  *Cf. Bancroft Owners, Inc. v. N.Y. Hotel & Motel Trades Council, AFL-CIO*, No. 20 Civ. 4914, 2021 WL 6808292, at *2 (S.D.N.Y. Feb. 26, 2021) ("'[V]exatious' [means] 'frivolous, unreasonable, or

To the extent Plaintiffs argue that Judge Lehrburger erred by noting that Plaintiffs have been labeled as "vexatious" in unrelated litigation, that argument also fails. As Plaintiffs note in their Motion, the Bankruptcy Court for the Southern District of New York has labeled at least one Plaintiff in this case as "vexatious."[18] Plaintiffs cite no case standing for the proposition that a court cannot take judicial notice of the fact that a different court has found a plaintiff to be "vexatious."[19] And, to be sure, simply noting that Plaintiff has been labeled "vexatious" in other litigation is not evidence that Judge Lehrburger "relied upon knowledge acquired outside of"[20] this case. Indeed, "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions," and there are situations where "protection of our jurisdiction requires that we shield federal litigants, their counsel, court personnel, their families and professional associates from [a plaintiff's] vexatious litigation *in all courts*, state or federal."[21] In other words, because one reason a court may label a plaintiff as "vexatious" is to alert other courts of that plaintiff's behavior, it would not make sense for a court to be deemed to have erred by noting that a plaintiff has been deemed "vexatious" in other litigation.

---

without foundation, even though not brought in subjective bad faith.'" (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).

[18] Motion for Recusal at 3. *See also Amelio v. Piazza*, No. 19 Civ. 5944, 2020 WL 5535241, at *2 (S.D.N.Y. Sept. 15, 2020) (reporting finding made by United States Bankruptcy Court for the Southern District of New York that Plaintiff Carmine P. Amelio "'is a vexatious litigant' who has 'purposely filed frivolous and vexatious motions and pleadings in various bankruptcy cases'").

[19] In fact, it seems to be common practice for a court to recognize that a different court has labeled a plaintiff or his filings as vexatious. *See, e.g.*, *Pandozy v. Tobey*, 335 Fed.Appx. 89, 92 (2d Cir. 2009) (summary order) (affirming district court's labeling of plaintiff as a "vexatious litigant" because "the record makes clear that [he] ha[d] filed numerous actions in state and federal court" and because he "ha[d] already been sanctioned by other courts, who, like the district court, rightly determined that he was a vexatious litigant").

[20] *Liteky*, 510 U.S. at 556.

[21] *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) (emphasis added).

4

For the reasons stated above, Plaintiffs' Motion for Recusal is DENIED. The Order of Reference to Magistrate Judge Lehrburger, ECF No. 123, remains in effect. The Clerk of Court is respectfully directed to terminate ECF No. 123.

SO ORDERED.

Dated: April 15, 2025
      New York, New York

                                            DALE E. HO
                                  United States District Judge