UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CARMINE P. AMELIO, et al,                         :
                                                  :           22-CV-0975 (DEH) (RWL)
                          Plaintiffs,             :
                                                  :           **ORDER**
          - against -                             :
                                                  :
GALIA HOURI, EYAL RONEN, et al,                   :
                                                  :
                          Defendants.             :
-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Plaintiffs seek reconsideration of the Court's order entered on October 24, 2024 (Dkt. 122) pursuant to Federal Rule of Civil Procedure 59(e). (Dkt. 124.) The October 24 order denied Plaintiffs' request for a second two-week extension of time to move to reconsider the Court's September 13, 2024, dismissal of Plaintiffs' claims against the Legal Aid Society (*see* Dkt. 115). The October 24 order provided four reasons for doing so. Similarly, here, there are multiple reasons to deny the instant motion for reconsideration.

First, Rule 59(e) governs motions to alter or amend a judgment; it does not apply to orders. Fed. R. Civ. P. 59(e) (referring to a "motion to alter or amend a judgment"). Other rules permit revisiting orders. *See, e.g.*, Fed. R. Civ. P. 60 ("Relief From a Judgment or Order"). Pursuant to this District's Local Rule 6.3, motions for reconsideration "must be served within 14 days after the entry of the court's order being challenged." S.D.N.Y. Local Rule 6.3. The instant motion for reconsideration was filed on November 21, 2024, which is 28 days after the October 24 order was

1

entered.  Accordingly, Plaintiffs' motion for reconsideration is untimely, and may be denied on that basis alone.

Second, even if the Court were to consider the merits of the motion, reconsideration would not be warranted.  Plaintiffs received a two-week extension until October 14, 2024, to file a motion for reconsideration of the Court's September 13 dismissal order.  (*See* Dkt. 117.)  Plaintiffs claim to have met that deadline by filing their request for an extension of that time on October 15, 2025 (due to October 14 having been a holiday), but, because of technological issues, their request did not appear on the District's electronic docket until October 23, 2024.  (*See* Dkt. 119.)  Plaintiffs, however, did not file their motion for reconsideration of the September 13 dismissal order by October 15, 2025.  Rather, Plaintiffs requested an extension on the last day on which the motion was to be filed.  Both Judge Ho's and this Court's individual rules require that requests for extension of time be filed at least two days in advance of the deadline to be adjourned.  *See* Individual Rules And Practices In Civil Cases for Judge Ho 2(e) ("Absent an emergency, any request for extension or adjournment shall be made … **at last two business days** before the deadline") (emphasis in original); Individual Practices In Civil Cases for Judge Lehrburger I(D) ("Absent good cause, any request for extension or adjournment shall be made at least 48 hours before the deadline").  Plaintiffs did not comply with those requirements; instead, they waited until the expiration day to file their request for a further extension.  Their motion thus may be denied on that basis.

Third, regardless of timeliness, the instant motion for reconsideration focuses on only one of the four reasons given by the Court for denying Plaintiffs' motion for reconsideration.  The remaining three reasons, alone or together, warranted denial of Plaintiffs' motion for a second two-week extension.  Although the instant motion once

again invokes one Plaintiff's health issues, Plaintiffs present nothing new in that regard that was not already presented to and considered by the Court. Accordingly, reconsideration should be denied. See *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (stating that a "motion for reconsideration should be granted only when the moving party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice") (internal quotation marks and citation omitted); *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (stating that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple") (internal quotation marks omitted).

Accordingly, Plaintiffs' motion for reconsideration is DENIED.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 124.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: April 16, 2024
New York, New York

Copies transmitted this date to all counsel of record. The Court respectfully requests the Clerk of Court to mail a copy of this Order to the pro se Plaintiffs.